UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIELLE READO** | * | **CIVIL ACTION NO. 2:24-cv-2451-SSV-JVM** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE SARAH S. VANCE** |
| | * | |
| **CITY OF NEW ORLEANS AND** | * | |
| **SERPIL PROPERTIES LLC** | * | **MAGISTRATE JANIS VAN MEERVELD** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### EX PARTE/ UNOPPOSED MOTION TO CONTINUE TRIAL AND EXTEND ALL UNEXPIRED PRE-TRIAL DEADLINES

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Danielle Reado, who respectfully moves the Court under Fed. R. Civ. P. 16(b)(4) to continue the trial and extend all unexpired pretrial deadlines. Good cause exists, and this relief is narrowly tailored to avoid prejudice and ensure efficient case development. Both Defendants have been consulted and have no objection to the requested relief.

### Background and Procedural Posture

The trial in this matter is set to begin on January 20, 2026, with pretrial deadlines rapidly approaching: Plaintiff's expert disclosures are due on October 10, 2025, and the discovery cutoff, witness lists, exhibit lists, dispositive motions, and Daubert motions are all due on November 12, 2025. (R. Doc. 18). Defendants filed motions to dismiss under Rule 12(b), which were noticed for submission on April 30, 2025, and remain pending before the Court. (R. Docs. 25, 27, 30). Pursuant to Rule 12(a)(4), Defendants have not served an Answer or affirmative defenses to Plaintiff's First Amended Complaint while their Rule 12 motions are unresolved. As a result, Plaintiff lacks the clarity needed to tailor written discovery, depositions, expert work, and motions practice to the defenses Defendants intend to assert.

1

## Legal Standard

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To establish good cause to modify a scheduling order under Rule 16(b)(4), the movant "has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" Squyres v. Heico Cos., L.L.C., 782 F.3d 224, 237 (5th Cir. 2015). The four factors relevant to determining the existence of good cause are: (1) the explanation for the requested modification; (2) the importance of the modification; (3) potential prejudice; and (4) the availability of a continuance to cure prejudice. See Squyres v. Heico Cos., L.L.C., 782 F.3d 224, 237 (5th Cir. 2015); Reliance Ins. Co. v. La. Land & Expl. Co., 110 F.3d 253, 257–58 (5th Cir. 1997).

## Argument: Good Cause Exists

### A. Explanation & Diligence

Plaintiff seeks a continuance of the trial date and all unexpired pretrial deadlines set in the Court's February 14, 2025 Scheduling Order. (R. Doc. 18). Under the current schedule, Plaintiff's expert disclosures are due October 10, 2025, (less than 30 days away), the discovery cutoff, witness and exhibit lists, dispositive motions, and Daubert motions are due on November 12, 2025 (less than 60 days away), and the trial is set to begin on January 20, 2026. Although these deadlines are imminent, neither Defendant has served an Answer or asserted affirmative defenses. Their Rule 12 motions, submitted for decision on April 30, 2025, remain pending, and under Rule 12(a)(4), their responsive pleadings are not due until a ruling is made. Without Answers or defenses, Plaintiff cannot meaningfully tailor discovery, expert reports, or motion practice to the issues that will actually be in dispute.

Plaintiff has acted diligently within these constraints. She has served interrogatories, requests for production, and requests for admission, and depositions of Plaintiff and her mother are scheduled later this month. (Discovery requests and deposition notices attached as Exhibit 1 *in globo*). Still, additional discovery will be necessary once Defendants disclose their defenses, and any depositions that Plaintiff takes before then risk being inefficient or incomplete without this clarity. Because Rule 12(a)(4) bars Plaintiff from compelling earlier Answers, she cannot, despite diligence, obtain discovery into Defendants' defenses at this stage. Absent a continuance, Plaintiff will be severely disadvantaged as Defendants know their defenses now, but Plaintiff will be forced to conduct her remaining discovery, prepare expert reports, dispositive motions, and Daubert challenges in the dark.

### B. Importance

The requested continuance is important because Plaintiff cannot fairly prepare her case without knowing Defendants' defenses, which are not due until their Rule 12 motions are resolved. Proceeding now would force Plaintiff to conduct discovery, prepare expert reports, and file motions by speculation, an approach that is both unfair and inefficient, as it risks wasted effort on irrelevant issues and missed opportunities to address the real disputes. A continuance will allow the remaining discovery and motions to be focused on the defenses actually asserted, ensuring fairness to Plaintiff while conserving resources for all parties and the Court.

### C. Prejudice

Granting a continuance of the trial and remaining pretrial deadlines will not prejudice Defendants. Because their Rule 12 motions remain pending, the deadline to serve Answers and affirmative defenses has not yet arisen under Rule 12(a)(4). A brief extension will simply ensure

that Plaintiff has a fair opportunity to address those defenses once filed, while leaving Defendants in the same position they are today.

By contrast, denying a continuance has the potential to significantly prejudice Plaintiff, who would otherwise be forced to complete expert disclosures/ reports, depositions, and motion practice without understanding her opponents' defenses. That asymmetry, where Defendants know their defenses but Plaintiff does not, creates an imbalance the Federal Rules are designed to prevent. Furthermore, both Defendants have been consulted regarding the requested relief and do not object.

**D. A Continuance Cures Any Potential Prejudice**

The prejudice Plaintiff is otherwise likely to experience can be cured by continuing the trial and unexpired pretrial deadlines for a sufficient period after Defendants file their Answers and affirmative defenses. Plaintiff suggests that the existing schedule be reset so that her expert disclosure deadline falls 90 days after the filing of Defendants' Answers, with subsequent unexpired pretrial deadlines (such as defendant's expert disclosures, discovery cutoff, dispositive motions, Daubert motions, etc.) adjusted in similar intervals provided in the current Scheduling Order. This structure will give Plaintiff the necessary time to pursue additional discovery, conduct depositions, and prepare expert reports and motions that are tailored to the defenses actually asserted, while preserving the proportional framework the Court originally set.

Tying the schedule to the filing of Defendants' Answers will not unduly delay these proceedings or burden the Court. To the contrary, it will promote efficiency by narrowing discovery to the defenses at issue, avoiding unnecessary disputes, and ensuring that any expert testimony and motion practice are focused on the real controversies. Because the Court has broad discretion under Rule 16(b)(4) to extend deadlines for good cause, and because the relief requested

restores parity without prejudicing Defendants, a continuance in this form is the most appropriate and proportionate remedy.

## Conclusion

Good cause exists under Rule 16(b)(4) to continue the trial and pretrial deadlines. Plaintiff has diligently pursued discovery that does not depend on Defendants' Answers, but cannot fairly complete discovery, prepare expert reports, witness, or exhibit lists, or file dispositive and Daubert motions until Defendants' Answers and defenses are disclosed. Resetting the schedule to begin 90 days after Defendants file their Answers, with subsequent deadlines adjusted to follow similar intervals as the current order, will ensure Plaintiff has a fair opportunity to address those defenses without prejudicing Defendants.

For these reasons, Plaintiff respectfully requests that the Court grant this Motion, continue the January 20, 2026 trial date, and reset all unexpired deadlines accordingly. Defendants have been consulted and do not oppose the requested relief.

**WHEREFORE,** Plaintiff prays that this Court grant the Motion, continue the January 20, 2026 trial date, and reset all unexpired pretrial deadlines so that Plaintiff's expert disclosures fall 90 days after Defendants file their Answers, with subsequent deadlines adjusted in the same relative intervals provided in the current Scheduling Order. In the alternative, should the Court prefer fixed dates, Plaintiff respectfully defers to the Court's discretion in setting deadlines that afford a fair opportunity to complete discovery and pretrial preparation. Plaintiff further requests such other and further relief as the Court deems just and proper.

       Respectfully submitted,

       **PRITCHETT LEGAL SERVICES, LLC**


       /s/ Paul W. Pritchett
         **PAUL W. PRITCHETT (#36926)**
         2930 Banks Street
         New Orleans, Louisiana 70119
         Telephone: 602-402-6264
         Email: ppritchett@pritchettlegal.com
         ***Attorney for Plaintiff, Danielle Reado***


## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on September 16, 2025, the foregoing was filed electronically using the CM/ECF system which will send notice of electronic filing to all counsel of record.

    /s/ Paul W. Pritchett