UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIELLE READO
                    Plaintiff,

VERSUS

CITY OF NEW ORLEANS AND
SERPIL PROPERTIES, LLC,
                    Defendants.

Case No. 2:24-cv-2451
Judge William J. Crane
Magistrate Judge Janis Van Meerveld

## SERPIL's ANSWER and AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT [R. DOC. 20] AND COUNTERCLAIM

Defendant SERPIL PROPERTIES, LLC ("Serpil") submits the following answers and affirmative defenses to the First Amended Complaint [R. Doc. 20] (the "Amended Complaint") filed by Plaintiff, DANIELLE READO ("Plaintiff") and files the following Counterclaim against Danielle Reado. Serpil denies every allegation in the Amended Complaint to the extent not expressly admitted below.

## ANSWER

1.

The allegations in Paragraph 1 state legal conclusions to which no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 1.

2.

Serpil denies the allegations in Paragraph 2 for lack of information sufficient to justify a belief therein.

3.

The allegations in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 3.

4.

Serpil denies the allegations in Paragraph 4 for lack of information sufficient to justify a belief therein.

5.

The allegations in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 5.

6.

The allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 6.

7.

The allegations in Paragraph 7 state legal conclusions to which no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 7.

8.

The allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 8 that relate to any "defendants" other than Serpil. Serpil admits that it is a resident of the Eastern District of Louisiana for purposes of venue.

9.

Serpil denies the allegations in Paragraph 9 for lack of information sufficient to justify a belief therein.

10.

The allegations in Paragraph 10 refer to the contents of written documents, including, but not limited to, a Tax Sale Certificate. The terms of those documents speak for themselves and form the best evidence of their contents. Serpil denies any allegation inconsistent with, or contradicted by, the written documents referenced in Paragraph 10.

11.

Serpil denies the allegations in Paragraph 11 for lack of information sufficient to justify a belief therein.

12.

Serpil admits that a Quit Claim Deed was recorded in the Conveyance records for the Parish of Orleans, State of Louisiana as Instrument No. 2021-40778, CIN No. 699890. Serpil denies the remaining allegations in Paragraph 12 for lack of information sufficient to justify a belief therein.

13.

Serpil denies the allegations in Paragraph 13.

14.

The allegations in Paragraph 14 refer to the contents of written documents, including, but not limited to, a Non-Warranty Cash Sale. The terms of the documents speak for themselves and form the best evidence of their contents. Serpil denies any allegation inconsistent with, or contradicted by, the written documents referenced in Paragraph 14.

15.

The allegation in Paragraph 15 that "the instrument evidencing the Adjudication Sale does not indicate under what authority the City purported to sell Plaintiff's Property to Serpil" refers to the contents of a written document. The terms of the document speak for themselves and form the best evidence of the document's contents. Serpil denies any allegation inconsistent with, or contradicted by, the written document referenced in Paragraph 15. Serpil denies the remaining allegations in Paragraph 15 for lack of information sufficient to justify a belief therein.

16.

The allegations in Paragraph 16 appear to assert a legal conclusion regarding whether some unidentified third-party was an "agent" of the City, to which no response is required. To the extent a response is deemed required, however, Serpil admits that adjudicated property auctions are hosted on Civicsource.com and denies the remaining allegations in paragraph 16.

4

17.

Serpil admits the allegation in Paragraph 17 that "Civicsource.com contains a page that indicates that the Property was "bundled" with another piece of immovable property and placed into an online auction on January 4, 2023, at which the winning bid was $121,800.00." Serpil denies the remaining allegations in Paragraph 17 regarding Plaintiff's speculation as to what "discovery will show" for lack of information sufficient to justify a belief therein.

18.

Serpil denies the allegations in Paragraph 18.

19.

The allegations in Paragraph 19 concern the alleged fair-market-value of the Property, but the claims relating to that allegation have been dismissed with prejudice. Accordingly, no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 19 for lack of information sufficient to justify a belief therein.

20.

The allegations in Paragraph 20 refer to the contents of a written document. The terms of the document speak for themselves and form the best evidence of the document's contents. Serpil denies any allegation inconsistent with, or contradicted by, the written document referenced in Paragraph 20.

21.

The allegations in Paragraph 21 concern the fair-market-value of the Property, but the claims relating to that allegation have been dismissed with

prejudice. Accordingly, no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 21 regarding the fair-market-value of the Property for lack of information sufficient to justify a belief therein.

22.

In response to Paragraph 22, Serpil admits that it has not made any payments to Plaintiff associated with the adjudication sale. Serpil denies the remaining allegations in Paragraph 22.

23.

Serpil denies the allegations in Paragraph 23 for lack of information sufficient to justify a belief therein.

24.

The allegations in Paragraph 24 state legal conclusions to which no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph.

## A. Nullity for Due Process Violation

25.

Serpil adopts and incorporates by reference its responses to the preceding paragraphs as if restated herein *in extenso*.

26.

The allegations in Paragraph 26 state legal conclusions to which no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 26.

27.

The allegations in Paragraph 27 state legal conclusions to which no response is required. To the extent a response is deemed required, however, the allegations in Paragraph 27 reference the Supreme Court case *Mennonite Board of Admissions v. Adams*, 462 U.S. 791 (1983), which speaks for itself and forms the best evidence of its contents. Serpil denies any allegation in paragraph 27 that is inconsistent with *Mennonite Board of Admissions v. Adams*.

28.

The allegations in Paragraph 28 state legal conclusions to which no response is required. To the extent a response is deemed required, however, the allegations in Paragraph 28 reference the Supreme Court case *Mennonite Board of Admissions v. Adams*, 462 U.S. 791 (1983), which speaks for itself and forms the best evidence of its contents. Serpil denies any allegation in paragraph 28 that is inconsistent with *Mennonite Board of Admissions v. Adams*.

29.

Serpil denies the allegations in paragraph 29.

30.

The allegations in Paragraph 30 state legal conclusions to which no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 30.

31.

The allegations in Paragraph 31 state legal conclusions to which no response

is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 31.

**B.** <u>Nullity Under the Eighth Amendment of the United States Constitution</u>

The Court dismissed Plaintiff's claim under the Eighth Amendment in the Order and Reasons issued on November 21, 2025 [R. Doc. 47]. Accordingly, Serpil is not required to respond to Paragraphs 32-36 of the Amended Complaint. *See* FED. R. CIV. P. 8(b)(1). To the extent a response is deemed required, however, Serpil denies the allegations in Paragraphs 32, 33, 34, 35, and 36.

**C.** <u>Just Compensation Under The Fifth Amendment to the United States Constitution</u>

37.

Serpil adopts and incorporates by reference its responses to the preceding paragraphs as if restated herein *in extenso*.

38.

The allegations in Paragraph 38 state legal conclusions to which no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 38.

39.

The allegations in Paragraph 39 state legal conclusions to which no response is required. To the extent a response is deemed required, however, the allegations in Paragraph 39 reference the Fifth Amendment to the United States Constitution, which speaks for itself and forms the best evidence of its contents. Serpil denies any allegation in paragraph 39 that is inconsistent with the Fifth Amendment to the United States Constitution.

40.

The allegations in Paragraph 40 state legal conclusions to which no response is required. To the extent a response is deemed required, however, the allegations in Paragraph 40 reference LA. REV. STAT. 47:2121, *et seq.*, all of which are statutes that speak for themselves and form the best evidence of their contents. Serpil denies any allegation in paragraph 40 that is inconsistent with LA. REV. STAT. 47:2121, *et seq.*, including, but not limited to, LA. REV. STAT. 47:2211.

41.

The allegations in Paragraph 41 state legal conclusions to which no response is required. To the extent a response is deemed required, however, the allegations in Paragraph 41 reference the Supreme Court case *Tyler v. Hennepin County*, 143 S. Ct. 1369 (2023), which speaks for itself and forms the best evidence of its contents. Serpil denies any allegation in paragraph 41 that is inconsistent with *Tyler v. Hennepin County*.

42.

The allegations in Paragraph 42 state legal conclusions to which no response is required. To the extent a response is deemed required, however, the allegations in Paragraph 42 reference LA. REV. STAT. 47:2211, which speaks for itself and forms the best evidence of its contents. Serpil denies any allegation in paragraph 42 that is inconsistent with LA. REV. STAT. 47:2211.

43.

In response to Paragraph 43, Serpil admits that the Property was adjudicated to Serpil before Plaintiff obtained the 2021 quitclaim deed, admits that the City

bundled the Property with another piece of property for purposes of the Adjudication Sale, and admits that the City properly recorded an instrument in the Orleans Parish Conveyance records memorializing the Adjudication Sale. Serpil denies the remaining allegations in Paragraph 43, including any characterization of the SERPIL actions as arbitrary or capricious, and denies any allegations inconsistent with the written documents referenced in Paragraph 43.

44.

The allegations in Paragraph 44 contain legal conclusions to which no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 44.

**D.** <u>Declaratory Relief</u>

45.

Serpil adopts and incorporates by reference its responses to the preceding paragraphs, as if restated herein in extenso.

46.

The allegations in Paragraph 46 contain legal conclusions to which no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 46.

47.

The allegations in Paragraph 47 contain legal conclusions to which no response is required. To the extent a response is deemed required, however, Serpil denies the allegations in Paragraph 47.

48.

The allegations in Paragraph 48 state legal conclusions to which no response is required. To the extent a response is deemed required, however, the allegations in Paragraph 48 reference LA. REV. STAT. 47:2196, *et seq.*; LA. REV. STAT. 47:2211; and the Supreme Court case *Tyler v. Hennepin County*, 143 S. Ct. 1369 (2023), all of which speak for themselves and form the best evidence of their contents. Serpil denies any allegation in paragraph 48 that is inconsistent with LA. REV. STAT. 47:2196, *et seq.*; LA. REV. STAT. 47:2211; or the Supreme Court case *Tyler v. Hennepin County*.

49.

The Court dismissed Plaintiff's declaratory judgment claim regarding Article XII § 10(c) of the Louisiana Constitution in the Order and Reasons issued on November 21, 2025 [R. Doc. 47]. Accordingly, Serpil is not required to respond Paragraph 49 of the Amended Complaint. *See* FED. R. CIV. P. 8(b)(1). To the extent a response is deemed required, however, Serpil denies the allegations of Paragraph 49.

50.

The Court dismissed Plaintiff's declaratory judgment claim regarding Article XII § 10(c) of the Louisiana Constitution in the Order and Reasons issued on November 21, 2025 [R. Doc. 47]. Accordingly, Serpil is not required to respond Paragraph 50 of the Amended Complaint. *See* FED. R. CIV. P. 8(b)(1). To the extent a response is deemed required, however, Serpil denies the allegations of Paragraph 50.

51.

The Court dismissed Plaintiff's declaratory judgment claim regarding Article XII § 10(c) of the Louisiana Constitution in the Order and Reasons issued on November 21, 2025 [R. Doc. 47]. Accordingly, Serpil is not required to respond Paragraph 51 of the Amended Complaint. *See* FED. R. CIV. P. 8(b)(1). To the extent a response is deemed required, however, Serpil denies the allegations of Paragraph 51.

## Jury Demand

52.

The allegation in Paragraph 52 contains a jury demand to which no response is required. To the extent a response is deemed required, however, Serpil denies that Plaintiff is entitled to a trial by jury of any claims against Serpil.

53.

## Request for Relief

The unnumbered Request for Relief does not require a response. To the extent response is deemed required, however, Serpil denies that Plaintiff is entitled to any relief whatsoever against Serpil.

54.

Serpil denies all allegations in the Amended Complaint that have been previously admitted, qualified, or denied.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Amended Complaint and expressly denying all liability, Serpil asserts the following affirmative defenses. Each affirmative defense is stated independently, and Serpil reserves the right to assert additional defenses as discovery proceeds.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims to nullify the tax sale are time-barred. Plaintiff's state-law claim to nullify the tax sale as a "redemption nullity" is subject to the peremptive period in LA. REV. STAT. § 47:2287. Under Section 47:2287, "[a]ny action to annul a tax sale on grounds of a redemption nullity shall be brought before the earlier of" six months or sixty days, as applicable, after a person is duly notified of the tax sale. Here, Plaintiff was duly notified of the tax sale years before she filed this lawsuit. Accordingly, Plaintiff has no state-law claim to nullify the tax sale.

Plaintiff's claim to nullify the tax sale under 42 U.S.C. § 1983, as a due process violation, is time-barred for the same reason. "It is well-established that a federal court hearing a 42 U.S.C. § 1983 claim borrows the statute of limitations provided in the most analogous state-law cause of action." *Edmondson Cmty. Org., Inc. v. Mayor & City Council of Baltimore*, 2025 WL 2430345, at \*13 (D. Md. Aug. 22, 2025) (citing *Burnett v. Grattan*, 468 U.S. 42, 49-50 (1984)). Because the most analogous limitations period (i.e., statute of repose) has expired, Plaintiff's federal claim is time-barred as well.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has no claim to nullify the tax sale because Plaintiff did not own the property at the time of the tax sale, and she cannot assert a due process or takings claim on behalf of and/or previously belong to her predecessor-in-interest, Gwendolyn Reado, because the City properly notified Gwendolyn Reado of the tax sale. The 2021 quitclaim deed could not convey rights extinguished years earlier. *See Sapphire Land Co. v. Chesapeake Louisiana, L.P.*, 49,712 (La. App. 2 Cir. 5/20/15), 172 So. 3d 122, 130 ("[W]hen property is adjudicated to the state for delinquent taxes, title passes to the state, subject to the right of redemption; and if the right is not seasonably exercised, the title to the state becomes absolute").

## THIRD AFFIRMATIVE DEFENSE

The City complied with all legal requirements, including all notice requirements, provided by Louisiana statutory law, the Louisiana Constitution, the United States Constitution, and any other source of law. The Due Process Clause of the Fourteenth Amendment requires notice reasonably calculated to apprise interested parties of the pending tax sale. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983). The City sent notice of the tax sale to Gwendolyn Reado at her last known address. The City sent notice of the adjudication sale to Danielle Reado at her last known address. Even if Gwendolyn Reado or Danielle Reado failed to receive the notice sent to them at their last known addresses, the notice still satisfied all constitutional requirements because due process does not guarantee

14

actual receipt. *See Jones v. Flowers*, 547 U.S. 220, 226 (2006). Moreover, under Louisiana law, the post-sale notice and the multi-year redemption period afforded under LA. REV. STAT. § 47:2243 cured any alleged notice defect. The process afforded satisfied both statutory and constitutional requirements.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff received actual notice of the adjudication sale.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise her right of redemption within the time allowed by law. Even after actually receiving notice of the adjudication sale, Plaintiff did not redeem the Property, and her failure to timely redeem bars the relief she now seeks.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff does not have a claim against Serpil directly under the Fourteenth Amendment to the Constitution. Section 1983 of Title 28 of the United States Code provides the exclusive remedy for a violation of the Takings Clause of the Fifth Amendment. *See DeVillier v. Texas*, 601 U.S. 285, 292 (2024) ("[C]onstitutional concerns do not arise when property owners have other ways to seek just compensation."); *Edmondson Cmty. Org., Inc. v. Mayor & City Council of Baltimore*, Civ. A. No. 24-1921-BAH, 2025 WL 2430345, at *20 (D. Md. Aug. 22, 2025) (in a tax sale case, refusing to "to expand the case law to affirmatively allow a claim directly under the Takings Clause….").

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover under 42 U.S.C. § 1983 because she fails to identify an official policy or custom that caused a constitutional deprivation under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The City's implementation of Louisiana's tax sale statutes is not an unconstitutional municipal policy. LA. REV. STAT. § 47:2211 requires surplus tax sale proceeds to be remitted to the "selling political subdivision." Enforcing a mandatory state statute does not create municipal policy for *Monell* purposes. *See McCluskey v. Imhof*, 2018 WL 4521207, at *3 (E.D.N.Y. Sept. 21, 2018). Plaintiff does not plead facts showing that the City intentionally adopted a policy to deprive owners of due process or equity. Instead, Plaintiff challenges the constitutionality of state statutes that the City is required to follow. These allegations do not support municipal liability under *Monell*. *See*

16

*Scott v. O'Grady*, 975 F.2d 366, 371 (7th Cir. 1992) (observing that an "allegation that [a municipal actor] had a "policy and practice" of following state law . . . cannot magically transform that state law into a county policy actionable under *Monell*"); *see also Snyder v. King*, 745 F.3d 242, 249 (7th Cir. 2014) ("When state law unequivocally instructs a municipal entity to produce binary outcome X if condition Y occurs, we cannot say that the municipal entity's 'decision' to follow that directive involves the exercise of any meaningful independent discretion, let alone final policymaking authority. It is the statutory directive, not the follow-through, which causes the harm of which the plaintiff complains."); *Nichols v. Brown*, 859 F. Supp. 2d 1118, 1136 (C.D. Cal. 2012) ("a 'policy' of enforcing state law is an insufficient ground for municipal liability under section 1983"); *Wong v. City & Cty. of Honolulu*, 333 F. Supp. 2d 942, 951 (D. Haw. 2004) ("mere enforcement of a state statute is not a sufficient basis for imposing § 1983 municipal liability"); *Laurie Q. v. Contra Costa Cty.*, 304 F. Supp. 2d 1185, 1201-02 (N.D. Cal. 2004) ("When the County accurately applies the state's mandatory foster care payment schedule (or when a law enforcement officer serves a warrant pursuant to a mandate from a state court) . . . a plaintiff may seek recourse only against the state for establishing the policy."). The Fifth Circuit and numerous other circuits have held that a municipality cannot face § 1983 liability under *Monell* simply for following mandatory state law. *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980) ("enforcing a state law . . . may more fairly be characterized as the effectuation of the policy of the State of Texas embodied in that statute *for which the citizens of a particular county should not bear singular responsibility*") (emphasis added); *Vives*

*v. City of New York*, 524 F.3d 346, 352-53 (2d Cir. 2008) ("[W]e agree with all circuits to address state laws mandating enforcement by municipal police officers that a municipality's decision to honor this obligation is not a conscious choice."); *Doby v. DeCrescenzo*, 171 F.3d 858, 868 (3d Cir. 1999); *Whitesel v. Sengenberger*, 222 F.3d 861, 872 (10th Cir. 2000); *Bockes v. Fields*, 999 F.2d 788, 791 (4th Cir. 1993); *Surplus Store & Exch., Inc. v. City of Delphi*, 928 F.2d 788, 791 (7th Cir. 1991).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches. Plaintiff delayed asserting her claims for years after the City's actions despite having actual knowledge of the tax sale and adjudication and more than sufficient time to take action to protect or preserve her alleged rights in the property. That delay prejudices Serpil and undermines the finality of real estate titles. Plaintiff waived her rights by failing to act within the time periods established by statute and equity.

## NINTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted against Serpil.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate, minimize, or otherwise avoid any losses she has allegedly sustained.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were caused, in whole or in part, by her own errors, acts, decisions, omissions, negligence, assumption of the risk, and/or

fault. Such errors, acts, decisions, omissions, negligence, assumption of the risk, and/or fault should operate completely to bar recovery against Serpil or, alternatively, reduce any recovery against Serpil.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's declaratory-judgment claims are, or will become, moot. Any request for prospective declaratory relief concerning alleged defects in the tax sale or adjudication sale will cease to present a live controversy as of January 1, 2026, or earlier, because any redemption right or other legally cognizable interest asserted by Plaintiff will have expired by operation of law

before trial. Accordingly, Plaintiff's declaratory-judgment claims should be dismissed for lack of subject-matter jurisdiction.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to timely redeem the Property despite actual or constructive knowledge of the tax sale, the adjudication sale, or both. Plaintiff did not exercise the statutory right of redemption within the time provided by Louisiana law, and her failure to redeem bars her present claims to nullify the sales or recover the Property.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's state-law claims are barred, in whole or in part, by discretionary-function immunity under LA. REV. STAT. § 9:2798.1. Any actions or omissions by the City related to the administration, enforcement, or implementation of Louisiana's tax sale and adjudication statutes involve discretionary acts for which the City is immune from liability under Louisiana law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages against Serpil.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover attorney's fees against Serpil.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent the Court denied the City's Motion to Dismiss (R. Doc. 25) in part, declined to reach certain arguments, or determined that specific issues could not be resolved as a matter of law at the pleadings stage, the City expressly preserves and reasserts all such defenses and arguments as affirmative defenses.

Serpil reserves the right to assert additional affirmative defenses as discovery proceeds.

## COUNTERCLAIM

AND NOW assuming the position of Plaintiff-in-Counterclaim , SERPIL respectfully avers as follows:

### 1.

Made Defendant-in-Counterlcaim is DANIELLE READO , a person of the age of majority domiciled in Orleans Parish and residing at 4715 Laine Avenue, New Orleans, Louisiana (the "Property").

### 2.

The Property was adjudicated to the City after its owner (Gwendolyn Reado, mother of the Defendant-in-Counterclaim) failed to pay ad valorem taxes on the Property and no bidders sought to buy the tax sale title to the Property at the Tax Sale.

20

3.

On or about May 23, 2016, a Tax Sale Certificate memorializing the Tax Sale, dated May 18, 2016, was recorded in the Orleans Parish Conveyance records as Instrument No. 2016-20705, CIN No. 5993326.

4.

About seven years later, the City put the Property up for auction and conveyed title to the Property to Serpil, on or about January 20, 2023, via a non-warranty cash sale, which was recorded in the Orleans Parish Conveyance Records at Instrument No. 2023-02649, CIN 722806.

5.

READO alleges that her mother, Gwendolyn Reado, acquired the Property via a final decree of divorce from Taylor Reado, Jr.

6.

READO purports to have acquired ownership of the Property from her mother, **after the Tax Sale took place and was recorded**, via a Quit Claim Deed, dated October 1, 2021, which was recorded in the Orleans Parish Conveyance records as Instrument No. 2021-40778, CIN No. 699890.

7.

READO avers that she did not transfer the Property to the City and that neither she nor her mother "ever received any notice from the City of New Orleans or anyone else" that the Property was to be sold after being adjudicated for nonpayment of ad valorem property taxes.

21

8.

READO does not allege that either she or her mother ever paid the ad valorem taxes assessed against the Property or timely redeemed the Property in the eleven years between the Tax Sale and Adjudication Sale.

9.

The quitclaim by Gwendolyn Reado to the Defendant-in-Counterclaim recorded October 1, 2021 transferred only the interest and rights held by Gwendolyn Reado at that time—which interest was subject to the recorded adjudication and tax sale to the City in 2016.

10.

Upon information and belief, all requirements and formalities of pre-tax sale notice, advertisement, and post-sale notice were satisfied by the City and that the tax sale and adjudication were valid.

11.

SERPIL purchased the Property from the City and received full and valid title transferring ownership.

12.

READO is currently in possession of the Property; however, SERPIL has a superior claim of ownership and title to the Property over the Counter-Defendant as it is a good-faith purchaser of an adjudicated property from the City.

13.

Alternatively, if the underlying tax sale by which the City originally adjudicated the Property is determined to be a nullity, SERPIL is entitled to all redemptive amounts, interest, and penalties available under Louisiana law.

**PRAYER**

**WHEREFORE**, Plaintiff-in-Counterclaim SERPIL PROPERTIES, LLC prays that its Answer and Counterclaim be deemed good and sufficient and that, after due proceedings had, it be determined to be the titled owner of the Property and all claims of the Defendant-in-Counterclaim be dismissed with prejudice, or, alternatively, SERPIL be awarded all monetary damages, redemptive amounts, interest, penalties, attorney's fees, and costs available under Louisiana law.

Respectfully submitted,

*Kyle S. Sclafani*

_____

**KYLE S. SCLAFANI (#28219)**
4130 Canal Street, Ste. A.
New Orleans, Louisiana 70119
Telephone: (504) 875-4079
Facsimile: (504) 910-4324
Email: kyle@kylesclafanilaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been served on all counsel of record via electronic mail on this 27th day of January, 2026.

*Kyle S. Sclafani*

_____

KYLE S. SCLAFANI

23
