UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIELLE READO** | * | **CIVIL ACTION NO. 2:24-cv-2451-WJC-** |
| | * | **JVM** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE WILLIAM J. CRAIN** |
| | * | |
| **CITY OF NEW ORLEANS AND** | * | |
| **SERPIL PROPERTIES LLC** | * | **MAGISTRATE JANIS VAN** |
| | * | **MEERVELD** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DANIELLE READO'S ANSWER TO
SERPIL PROPERTIES LLC'S COUNTER CLAIM**

Danielle Reado ("Reado"), in her capacity as Counterclaim Defendant, and through undersigned counsel, respectfully answers the Counterclaim of Serpil Properties LLC ("Serpil") [R. Doc. 50] and asserts her affirmative defenses thereto as follows:

**ANSWER**

**I.**

The first unnumbered paragraph of the Counterclaim is introductory in nature and requires no response. To the extent a response is deemed required, Reado denies the allegations therein.

**II.**

The allegations of Paragraph 1 of the Counterclaim are admitted only to the extent that Reado is a person of the age of majority that is residing at 4715 Laine Avenue, New Orleans, Orleans Parish, Louisiana. Any and all remaining allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**III.**

The allegations of Paragraph 2 of the Counterclaim are admitted only to the extent that certain ad valorem taxes on the Property were not paid and that the Property appears to have been adjudicated to the City of New Orleans. The allegations that the Property was placed into a tax

sale and that no bids were placed are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof. Any and all remaining allegations are denied.

IV.

The allegations of Paragraph 3 of the Counterclaim are admitted only to the extent that the document referenced therein was recorded as alleged. The allegations that the Property was placed into a tax sale and that the document accurately memorializes the purported tax sale are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof. Any and all remaining allegations are denied.

V.

The allegations of Paragraph 4 of the Counterclaim are admitted only to the extent that the document referenced therein was recorded as alleged. The allegations that the Property was put up for auction are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof. Any and all remaining allegations are denied.

VI.

The allegations of Paragraph 5 of the Counterclaim refer to Reado's First Amended Complaint [R. Doc. 20], which is a written document that speaks for itself and constitutes the best evidence of its contents. Reado denies any allegation that is inconsistent with, is contradicted by, mischaracterizes, incompletely characterizes, or draws inferences from the allegations or absence of allegations in the First Amended Complaint. Any and all remaining allegations are denied.

VII.

The allegations of Paragraph 6 of the Counterclaim are admitted only to the extent that Reado acquired an ownership interest in the Property from her mother via a written document entitled "Quit Claim Deed" that was recorded as alleged. The allegations concerning the contents of the Quit Claim Deed refer to a written document that speaks for itself and constitutes the best

evidence of its contents. Reado denies any allegation that is inconsistent with, is contradicted by, mischaracterizes, incompletely characterizes, or draws inferences from the contents of, or absence of contents in the Quit Claim Deed. The allegations concerning the occurrence of, and details related to, any purported tax sale are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof. Any and all remaining allegations are denied.

VIII.

The allegations of Paragraphs 7 and 8 of the Counterclaim refer to Reado's First Amended Complaint [R. Doc. 20], which is a written document that speaks for itself and constitutes the best evidence of its contents. Reado denies any allegation that is inconsistent with, is contradicted by, mischaracterizes, incompletely characterizes, or draws inferences from the allegations or absence of allegations in the First Amended Complaint. Any and all remaining allegations are denied.

IX.

The allegations of Paragraph 9 of the Counterclaim state legal conclusions to which no response is required. To the extent a response is deemed required, Reado denies the allegations therein.

X.

The allegations of Paragraphs 10 and 11 of the Counterclaim are denied.

XI.

The allegations of Paragraph 12 of the Counterclaim are admitted only to the extent that Reado is currently in possession of the property. Any and all remaining allegations are denied.

XII.

The allegations of Paragraph 13 of the Counterclaim state legal conclusions to which no response is required. To the extent a response is deemed required, Reado denies the allegations therein.

XIII.

The allegations of the Prayer of the Counterclaim are denied.

XIV.

Any and all unnumbered, misnumbered, or otherwise unanswered paragraphs or allegations of the Counterclaim are denied. To the extent any allegation of the Counterclaim is deemed to imply or impute liability, culpability, or responsibility on the part of Reado, such allegations are denied.

**AFFIRMATIVE DEFENSES**

Without admitting any of the allegations of the Counterclaim, and expressly denying all liability, Reado asserts the following affirmative defenses. Each affirmative defense is asserted independently and in the alternative, and Reado reserves the right to assert additional defenses as discovery proceeds.

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

Serpil is not entitled to relief because the tax sale and adjudication sale proceedings through which she claims ownership did not provide constitutionally adequate notice to Reado or her predecessor in interest, in violation of the Due Process Clause of the Fourteenth Amendment. Notice must be reasonably calculated to apprise interested parties of the pendency of the proceedings and afford them an opportunity to be heard. See <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306 (1950); <u>Mennonite Bd. of Missions v. Adams</u>, 462 U.S. 791 (1983). Reado and her predecessor in interest did not receive such notice, and any notice purportedly provided was not reasonably calculated to inform them of the proceedings or the consequences of failing to act, including because notice was not sent to the correct address despite such address being reasonably ascertainable. Accordingly, any purported title arising from such proceedings is invalid, and Serpil is not entitled to relief.

## SECOND AFFIRMATIVE DEFENSE

Serpil is not entitled to relief because the tax sale and adjudication sale proceedings through which she claims ownership did not result in the transfer of any ownership interest from Reado and/or her predecessor in interest. Under Louisiana law, a tax sale or adjudication sale does not transfer or terminate the property interest of any person who has not been duly notified. See La. R.S. 47:2121(B)–(C)(2). A person is "duly notified" only when an effort meeting the requirements of due process has been made to identify and provide that person with notice satisfying the requirements of La. R.S. 47:2156, 2157, 2206, 2236, or 2275, or with service of a petition and citation in accordance with La. R.S. 47:2266. La. R.S. 47:2122(4). Each of these statutory provisions requires that notice be sent to persons having an interest in the property, contain specified information, and, in certain instances, be sent within prescribed time periods. Reado and/or her predecessor in interest were not duly notified as required by Louisiana law because the notices required by La. R.S. 47:2122(4) were not properly sent and/or did not contain the information required by law. Accordingly, their property interests were never terminated, and any purported title acquired by Serpil through the tax sale or adjudication sale remained subject to those interests. Because no valid transfer of ownership occurred, Serpil cannot establish ownership of the Property and is not entitled to relief.

## THIRD AFFIRMATIVE DEFENSE

Serpil is not entitled to relief because the tax sale and adjudication sale proceedings through which she claims ownership did not effect a valid transfer of title. Article I, § 4(B)(1) of the Louisiana Constitution prohibits the State or its political subdivisions from taking property (a) for predominant use by any private person or entity; or (b) for transfer of ownership to any private person or entity. The transfer of the Property that Serpil alleges is one that was made by the City of New Orleans from Reado, a private person, to Serpil, another private person, and does not fall

within any constitutionally authorized exception to the prohibition in Article I, § 4(B)(1). Accordingly, no valid transfer of ownership occurred, and Serpil cannot establish ownership of the Property and is not entitled to relief.

## FOURTH AFFIRMATIVE DEFENSE

Serpil is not entitled to relief because the tax sale and adjudication sale proceedings through which she claims ownership were made in violation of the Eighth Amendment to the United States Constitution. The Eighth Amendment provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Excessive Fines Clause limits the government's power to impose punitive economic sanctions and applies to forfeitures that serve, at least in part, a punitive purpose. Austin v. United States, 509 U.S. 602 (1993). A forfeiture violates the Clause if it is "grossly disproportional to the gravity of the offense." United States v. Bajakajian, 524 U.S. 321 (1998). Here, the statutory scheme by which the City of New Orleans made the alleged sale of Reado's Property to Serpil operated as a punitive forfeiture of Reado's Property because it resulted in the loss of property worth many times the amount of the tax debt that was owed, bearing no reasonable relationship to the gravity of the underlying delinquency. Because the purported transfer of the Property was accomplished through an unconstitutional forfeiture, it cannot give rise to a valid transfer of title. Accordingly, Serpil cannot establish ownership of the Property and is not entitled to relief.

## FIFTH AFFIRMATIVE DEFENSE

Serpil is not entitled to relief because the tax sale and adjudication sale proceedings through which she claims ownership were conducted under procedures that failed to adequately protect Reado's equity in the Property, in violation of the Due Process Clause of the Fourteenth Amendment. When the government causes a person's property to be sold in order to collect taxes that are due, the property owner retains a protected property interest in the equity of her property

beyond the amount of the tax debt. See Tyler v. Hennepin County, 598 U.S. 631 (2023). Where such an interest is at stake, procedural due process requires that the procedures employed by the government be constitutionally sufficient in light of the risk of erroneous deprivation created by those procedures. See Mathews v. Eldridge, 424 U.S. 319 (1976). Here, the procedures utilized by the City to purportedly sell Reado's Property to Serpil included bundling it for sale with another property, requiring rapid full payment, restricting the form of payment, and offering limited specialty title insurance. These procedures predictably suppressed competitive bidding and materially impaired the ability of the sale to produce a fair approximation of the Property's value, thereby depriving Reado of substantial equity in the Property. Furthermore, Reado was not provided with a meaningful opportunity to be heard, prior to the final deprivation of her property interest and the substantial equity therein, regarding whether the sale procedures employed produced a reliable and constitutionally adequate result. Because these procedures were not reasonably designed to protect Reado's protected property interest, the resulting deprivation was constitutionally inadequate and cannot give rise to a valid transfer of title. Accordingly, Serpil cannot establish ownership of the Property and is not entitled to relief.

### SIXTH AFFIRMATIVE DEFENSE

Serpil is not entitled to relief because the tax sale and adjudication sale proceedings through which she claims ownership were conducted in violation of the City of New Orleans' governing ordinance. Pursuant to La. R.S. 47:2201 and 2204, the City has adopted an ordinance authorizing the sale of adjudicated property to third parties only under specified conditions, including that the property be abandoned and that the purchaser comply with certain occupancy and rehabilitation requirements. See Sec. 150-76 *et seq*. of the City's Code of Ordinances. The ordinance's structure presupposes that the property is unoccupied at the time of sale, as it requires the purchaser to take possession and either occupy the property as a primary residence or render it habitable within a

short period following the sale. Id. Here, the Property was not abandoned and was occupied by Reado at the time of the purported sale. Under Louisiana law, a political subdivision has no discretion to disregard the requirements of its own ordinances. Folsom Road Civic Ass'n v. Parish of St. Tammany Through St. Tammany Parish Council, 425 So.2d 1318, 1320 (La. App. 1 Cir. 1983); The Descendants Project v. St. John the Baptist Parish, 24-493, p. 13 (La. App. 5 Cir. 4/2/25) (finding that an ordinance adopted without compliance with required procedures "has no effect and is considered void ab initio"), rev'd on other grounds, 25-543 (La. 11/12/25). Because the predicate conditions for conducting a sale of adjudicated property under the City's ordinance were not satisfied, the purported adjudication sale was ultra vires and cannot effect a valid transfer of title. Accordingly, Serpil cannot establish ownership of the Property and is not entitled to relief.

## SEVENTH AFFIRMATIVE DEFENSE

Serpil is not entitled to relief because the tax sale and adjudication sale proceedings through which she claims ownership exceed the authority granted by La. Const. art. VII, § 25. The Louisiana Constitution provides that delinquent ad valorem taxes may be enforced only through a tax sale and that duties assigned by the Constitution to the tax collector in conducting the sale may not be delegated. See Fransen v. City of New Orleans, 988 So.2d 225 (La. 2008); Jackson v. City of New Orleans, 144 So.3d 876 (La. 2014). While the Property was purportedly subjected to a tax sale and adjudicated to the City, the City's purported sale of the Property to Serpil operated to collect or enforce additional tax obligations that were never subjected to a tax sale. Additionally, the City routinely delegates obligations that are required to be performed by the tax collector to a third-party contractor when conducting tax sales and is believed to have done so during the purported tax sale in which it is claimed that the Property was adjudicated to the City. Accordingly, the purported tax sale and adjudication sale were accomplished through procedures that exceeded

constitutional authority, rendering the chain of title through which Serpil claims ownership fatally defective, and Serpil is not entitled to relief.

## EIGHTH AFFIRMATIVE DEFENSE

Serpil is not entitled to relief because the tax sale and adjudication sale proceedings through which she claims ownership deprived Reado of a meaningful opportunity to redeem the Property. The Louisiana Constitution provides that delinquent ad valorem taxes may be enforced only through a tax sale. See Fransen v. City of New Orleans, 988 So.2d 225 (La. 2008); Jackson v. City of New Orleans, 144 So.3d 876 (La. 2014). Here, as a condition of redeeming the tax sale certificate affecting the Property, the City required Reado to pay amounts that included taxes which were never subjected to a tax sale, as well as additional charges, fees, penalties, and costs not authorized by law. By conditioning redemption on payment of amounts not subjected to the tax sale process or otherwise not authorized by law, the City imposed an unlawful barrier to redemption and deprived Reado of a meaningful opportunity to prevent the loss of her Property, in violation of the Due Process Clause of the United States Constitution. Accordingly, the resulting adjudication sale cannot support a valid transfer of title, and Serpil is not entitled to relief.

## NINTH AFFIRMATIVE DEFENSE

To the extent Serpil seeks recovery of any redemption amounts, such recovery is limited to those amounts expressly authorized by applicable law and must be strictly proven. Reado denies that Serpil is entitled to recover any amounts not supported by competent evidence or permitted by law. This includes, but is not limited to, taxes and associated costs and interest that were never subjected to a tax sale as required by Fransen v. City of New Orleans, 988 So.2d 225 (La. 2008), and Jackson v. City of New Orleans, 144 So.3d 876 (La. 2014); penalties, or interest in excess of ten percent per annum as capped by La. Const. art. VII, § 25(C); and any amounts that are not necessary, reasonable, or properly incurred.

## TENTH AFFIRMATIVE DEFENSE

Serpil's claims are barred, in whole or in part, by all applicable prescriptive or peremptive periods, estoppel, and/or laches. Serpil delayed asserting its ownership and redemption claims for years after the purported sale despite having more than sufficient time to take action to protect or preserve her alleged rights in the Property. That delay prejudices Reado and Serpil has waived its rights by failing to act within the time periods established by law and equity.

## ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted against Reado.

## TWELFTH AFFIRMATIVE DEFENSE

Serpil has failed to mitigate, minimize, or otherwise avoid any losses it has allegedly sustained.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Serpil is entitled to recover any damages or monetary relief, which is denied, such recovery must be reduced or barred in proportion to the fault, acts, omissions, or conduct of Serpil and/or any other persons or entities, whether or not parties to this proceeding, pursuant to applicable principles of comparative fault. Reado is entitled to have such fault allocated and any recovery reduced accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Serpil is entitled to recover any damages or monetary relief, which is denied, Reado is entitled to a credit, offset, and/or recoupment for any amounts owed to Reado or otherwise recoverable by Reado in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Serpil cannot recover punitive damages against Reado.

## SIXTEENTH AFFIRMATIVE DEFENSE

Serpil cannot recover attorney's fees against Reado.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant expressly preserves and reasserts, as affirmative defenses to the Counterclaim, all defenses, arguments, and legal theories previously asserted in this action, to the extent they constitute defenses to the Counterclaim.

## JURY DEMAND

Reado reasserts and maintains her prior demand for trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and Counterclaim Defendant, Danielle Reado, prays that, after due proceedings are had, including a trial by jury, there be judgment rendered in her favor and against Defendant and Counterclaim Plaintiff, Serpil:

(1) Dismissing the Counterclaim with prejudice, at Serpil's cost;

(2) Denying all relief sought by Serpil, including but not limited to any request to be recognized or determined to be the owner of the Property;

(3) Alternatively, in the event any relief is awarded to Serpil, limiting any such recovery strictly to those amounts permitted by applicable law and proven by competent evidence, subject to all defenses asserted herein;

(4) Awarding Reado all costs of these proceedings and attorney fees to which she is entitled by law; and

(5) Granting Reado any and all general, legal, and equitable relief to which she may be entitled.

Respectfully submitted,

**PRITCHETT LEGAL SERVICES, LLC**


<u>/s/ Paul W. Pritchett</u>
**PAUL W. PRITCHETT (#36926)**
2930 Banks Street
New Orleans, Louisiana 70119
Telephone: 602-402-6264
Email: ppritchett@pritchettlegal.com
***Attorney for Plaintiff, Danielle Reado***


## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 27, 2026, the foregoing was filed electronically using the CM/ECF system which will send notice of electronic filing to all counsel of record.

<u>/s/ Paul W. Pritchett</u>