**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DANIELLE READO** | * | **CIVIL ACTION NO. 2:24-cv-2451** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE WILLIAM J. CRAIN** |
| | * | |
| | * | |
| **CITY OF NEW ORLEANS AND** | * | **MAGISTRATE JANIS VAN** |
| **SERPIL PROPERTIES LLC** | * | **MEERVELD** |
| | * | |

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

## MEMORANDUM IN SUPPORT OF MOTION TO STAY

**May It Please the Court:**

Plaintiff, Danielle Reado, respectfully submits this Memorandum in Support of her Motion to Stay.

### The Supreme Court's Pending Decision in *Pung* Directly Implicates Constitutional Claims Previously Dismissed in this Matter.

This matter arises from the City of New Orleans' purported sale of Plaintiff's Property to recover delinquent ad valorem taxes owed thereon ("Adjudication Sale"). Among the claims asserted by Plaintiff are that she is entitled to just compensation under the Fifth Amendment for the equity in the Property taken in the Adjudication Sale and that the Adjudication Sale constitutes an excessive fine or cruel and unusual punishment under the Eighth Amendment because it would result in Plaintiff losing property having a value significantly greater than the tax delinquency. (R. Doc. 20).

Plaintiff's takings claim arises under *Tyler v. Hennepin County*, 598 U.S. 631 (2023). In *Tyler*, the unanimous United States Supreme Court held that a taxpayer stated a viable Fifth Amendment taking claim by alleging that the taxing authority took value in her property beyond the amount necessary to satisfy the delinquent taxes that were owed. Id. at 647. The *Tyler* Court

1

declined to address the plaintiff's Eighth Amendment claim because the plaintiff agreed that relief under the Takings Clause would fully remedy her alleged harm. Id. Justice Gorsuch, joined by Justice Jackson, nevertheless observed in concurrence that "[e]conomic penalties imposed to deter willful noncompliance with the law are fines by any other name" and admonished future courts to remember that "the Constitution has something to say about them: They cannot be excessive." Id. at 650 (Gorsuch, J., concurring).

Following *Tyler*, litigation has arisen concerning the proper scope of relief available in a Fifth Amendment taking claim that arises from a forced delinquent tax sale. The primary dispute concerns whether just compensation is measured by the fair market value of the property that was taken, which is the traditional measure of just compensation, or whether recovery is limited to the amount generated by the forced sale. See e.g. *Freed v. Thomas*, 81 F.4th 655, 658 (6th Cir. 2023); *Pung v. Kopke*, 22-1919, 22-1939, 8 (6th Cir. 2025). The most developed line of jurisprudence addressing this issue is found in the United States Court of Appeals for the Sixth Circuit, which has concluded that fair market value is not the proper measure of just compensation in a taking claim arising under *Tyler* and that compensation is instead limited to the amount generated at the forced sale. See Id. Post-*Tyler* courts have also grappled with whether forced sales to recover delinquent taxes are subject to review under the Eighth Amendment. See *Freed*, 81 F.4th at 659; *Kopke*, 22-1919 at 9-11.

On November 21, 2025, this Court adopted the emerging post-*Tyler* framework by finding that Plaintiff had stated a viable takings claim under *Tyler* but dismissing Plaintiff's claim insofar as she sought to base the just compensation on Property's fair market value. (R. Doc. 47). In reaching that conclusion, the Court found the Sixth Circuit's post-*Tyler* jurisprudence persuasive.

2

(Id.). The Court likewise dismissed Plaintiff's Eighth Amendment claim because it concluded that the same relief would purportedly be available under Plaintiff's takings claim. (Id.).

The United States Supreme Court has now taken up the proper measure of just compensation in a taking claim arising under *Tyler* and whether the Eighth Amendment is applicable to forced sales by tax collectors in *Pung v. Isabella County*, No. 25-95 (argued Feb. 25, 2026).[1] This review places the continued viability and scope of the framework underlying this Court's dismissals of Plaintiff's fair market value and Eighth Amendment claims directly at issue.

The current scheduling order requires Plaintiff's expert disclosures by June 5, 2026, Defendant's expert disclosures by June 25, 2026, completion of discovery and dispositive motions by July 7, 2026, and trial beginning September 14, 2026. (R. Doc. 46). Many or all of these pretrial deadlines are likely to expire before the Supreme Court issues its decision in *Pung*. Proceeding under the current schedule while the viability and scope of Plaintiff's fair market value and Eighth Amendment claims remain under active review before the Supreme Court risks potentially unnecessary, or wasteful discovery, dispositive motion practice, and trial preparation.

Accordingly, Plaintiff respectfully requests that this Court temporarily stay these proceedings pending issuance of the Supreme Court's decision in *Pung*, vacate or suspend the current pretrial deadlines, and continue the current trial date.

### **Legal Standard**

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court may

---

[1] See Exhibit 1 (Supreme Court docket sheet in Pung v. Isabella County, No. 25-95, reflecting grant of certiorari and argument date); see also Exhibit 2 (Petition for Writ of Certiorari identifying, among other issues, the proper measure of compensation in tax-sale takings claims and applicability of the Eighth Amendment).

stay an action pending the conclusion of an alternative proceeding, "whether the separate proceedings are judicial, administrative, or arbitral in character." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); (citing *Landis*, 299 U.S. at 254-55).

In considering whether to grant a stay the court "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The following competing interests have been found to apply: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues and questions of law which could be expected to result from a stay. *Cmax, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

Here, the balance of the factors weighs in favor of a stay.

### The Relevant Factors Weigh Strongly in Favor of a Temporary Stay

*A. Defendants Will Suffer Minimal Prejudice from a Temporary Stay.*

Any possible damage to Defendants resulting from a temporary stay is minimal. Plaintiff seeks only a temporary stay pending the United States Supreme Court's forthcoming decision in *Pung*, which is expected during the current Supreme Court term. Although the requested stay will require current pre-trial deadlines to be reset and a continuation of the September 2026 trial date, the resulting delay is limited in duration and tied to the imminent resolution of legal issues presently under review before the Supreme Court. Moreover, there is no indication that a temporary stay will result in loss of evidence, unavailable witnesses, or other material prejudice to Defendants.

*B. Proceeding Under the Current Scheduling Order Risks Substantial Hardship and Inefficiency.*

By contrast, Plaintiff will suffer substantial hardship if the Court does not stay the case. Under the framework presently imposed by the Court's prior dismissal order, Plaintiff's takings claim is presently limited to compensation based on the proceeds generated at the forced-sale and Plaintiff's Eighth Amendment claim has been dismissed. Plaintiff will, therefore, be required to prepare expert disclosures, complete discovery, brief dispositive motions, and prepare for trial under a constitutional framework that may be materially altered by the Supreme Court within weeks. If the Supreme Court expands the scope of compensation available under the Fifth Amendment or recognizes the applicability of the Eighth Amendment to forced sales for delinquent taxes, substantial portions of the Plaintiff's pretrial preparation may be rendered incomplete or unnecessary absent a temporary stay.

*C. A Temporary Stay Will Promote the Orderly Course of Justice.*

A temporary stay will promote the orderly course of justice by permitting the parties and the Court to proceed under a settled constitutional framework rather than one presently under active review by the United States Supreme Court. The precise constitutional issues presently before the Supreme Court in *Pung* directly overlap with claims previously dismissed by this Court. A temporary stay pending the Supreme Court's forthcoming decision in *Pung* will therefore simplify the remaining litigation by allowing the parties and the Court to proceed under a clarified constitutional standard governing the scope of Plaintiff's claims and available remedies.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order temporarily staying these proceedings pending issuance of the United States Supreme Court's

decision in *Pung v. Isabella County*, vacating or suspending the current pretrial deadlines, continuing the current trial date, and granting all other relief that the Court deems just and proper.

Respectfully submitted,

**PRITCHETT LEGAL SERVICES, LLC**

/s/ Paul W. Pritchett
**PAUL W. PRITCHETT (#36926)**
2930 Banks Street
New Orleans, Louisiana 70119
Telephone: 602-402-6264
Email: ppritchett@pritchettlegal.com
***Attorney for Plaintiff, Danielle Reado***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 19, 2026, the foregoing was filed electronically using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Paul W. Pritchett