**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DANIELLE READO** | * | **CIVIL ACTION NO. 2:24-cv-2451-SSV-** |
| | * | **JVM** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE SARAH S. VANCE** |
| | * | |
| **CITY OF NEW ORLEANS AND** | * | |
| **SERPIL PROPERTIES LLC** | * | **MAGISTRATE JANIS VAN** |
| | * | **MEERVELD** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THE CITY OF NEW ORLEANS'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant CITY OF NEW ORLEANS (the "City") submits the following responses and objections to the Interrogatories, Requests for Admission, and Requests for production of Documents ("Discovery Requests") propounded by Plaintiff, DANIELLE READO.

**GENERAL OBJECTIONS**

a.     In response to Plaintiff's Discovery Requests, the City has provided all information currently available pursuant to reasonable inquiry, which may include hearsay and other information that is neither reliable nor admissible.

b.     The discovery responses state the present information of the City and its attorneys, without prejudice to the City's right to present additional facts, documents, contentions, or theories at trial. The City will supplement its discovery responses to the extent required by the Federal Rules of Civil Procedure if and when additional responsive information is located.

c.     The City objects to all definitions of terms and instructions to the extent they attempt to impose any burden upon the City greater than that required by the Federal Rules of Civil Procedure.

d.     The City objects to Plaintiff's Discovery Requests to the extent they call for information or materials protected from discovery by the attorney-client privilege, any other privilege, the work product doctrine, or any other immunity from discovery pursuant to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, or otherwise. Inadvertent disclosure of any such information or materials shall not constitute a waiver of any privilege, protection, immunity, or the City's right to object to the use of any information or materials inadvertently disclosed.

Exhibit 4

e.      The City objects to Plaintiff's Discovery Requests to the extent they call for the disclosure of information protected from disclosure by any means, including, but not limited to, information relating to trade secrets or confidential or proprietary information.

f.      The City objects to Plaintiff's Discovery Requests to the extent they call for information or materials that have already been produced to Plaintiff, that are in the possession of Plaintiff or its agents, or that are in the public domain and equally available to all parties. The City further objects to Plaintiff's Discovery Requests to the extent that they call for the City to search for, locate, or create documents not in its possession or that of its agents.

g.      The City objects to Interrogatory No. 3 and Requests for Production Nos. 4, 13, 14, 24, and 25 and any other Discovery Request that asks the City to provide information or documents "in any way related to" the Tax Sale, the Adjudication Sale, the Property, or any issue in this litigation. The phrase "in any way related to" and other similar phrases are vague, ambiguous, overly broad, and unduly burdensome, as they fail to provide reasonable limits on the scope of the Discovery Requests (e.g., dates, keywords, locations) and would require the City to speculate as to the relevance of potentially vast amounts of information or documents. The City's responses were formed after reasonable and good faith inquiry.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons providing responses or information to respond to these Interrogatories and the Requests for Production that have been propounded herewith. If you are unable to provide any of this information, please explain why.

**RESPONSE**

The City's responses to Plaintiff's Interrogatories and Requests for Production were prepared by undersigned counsel in privileged consultation with members of the City Attorney's office and employees of Archon Information Systems, LLC.

**INTERROGATORY NO. 2:** Identify every person within Your knowledge, who has, or claims to have, or You believe to have knowledge or information regarding any facts, circumstances or issues involved in this litigation. Additionally, and with respect to each such person, state the nature of the information or knowledge that You know or believe them to have. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 2 because it is vague and ambiguous regarding the "facts, circumstances, or issues involved in this litigation." Subject to and without waving the

2

foregoing objections, please refer to the individuals identified in the City's initial disclosures, the

City's response to Interrogatory No. 4, and the documents produced herewith.

**INTERROGATORY NO. 3:** Identify each person from whom a statement, written or oral, has been obtained by You or on Your behalf relating in any way to matters at issue in this litigation, stating as to each such statement whether it was taken in written or oral form, the date obtained or taken, the identity of the person who took or obtained the statement, and the name and address of the person presently in possession of same. An affidavit or declaration is a statement for purposes of this Interrogatory. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 3 to the extent it seeks the disclosure of information

protected by the attorney-client privilege and the work product doctrine. Subject to and without

waving the foregoing objections, the City obtained a certified transcription of three recorded phone

calls. See Bates Nos. CNO_001125-1157. The certified court reporter who transcribed the

recordings was Vincent P. Borrello, Jr.

**INTERROGATORY NO. 4:** Identify each and every witness You may call to testify at any hearing or the trial of this matter, stating as to each such witness whether or not he/she will give expert testimony; his/her relationship to You, if any; the substance of the witness's expected testimony at trial; and for experts, the substance of the facts to which the expert is expected to testify. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 4 because it is premature. The City will provide its

witness list in accordance with the Federal Rules of Civil Procedure and any applicable Order of

the Court. Subject to and without waving the foregoing objection, the City responds as follows:

1) Danielle Reado, fact witness and the Plaintiff in this action, who is expected to testify

    regarding her ownership of the property, her knowledge of the unpaid taxes, any notices

    she received related to the tax delinquency, the Tax Sale, or the Adjudication Sale, her

    interactions with the City or its agents concerning the Property, and the factual bases for

    her allegations in this litigation, including claims of due process violations under the

3

Fourteenth Amendment, lack of proper notification, unconstitutional seizure of property without compensation for lost equity, and violations of Louisiana statutes governing tax and adjudication sales.

2) A representative of the City of New Orleans, fact witness, who is expected to testify regarding the City's established policies and procedures for property tax assessments, handling of tax delinquencies, the general processes for conducting tax sales and adjudication sales, the specific facts and circumstances of the Tax Sale and Adjudication Sale involving the Property, records of any notices sent to notify the Plaintiff and her mother, compliance with applicable Louisiana statutes, ordinances, and constitutional requirements, and any internal communications or documentation related to the Tax Sale or Adjudication Sale.

3) A representative of Archon Information Systems, LLC ("Archon"), fact witness, who is expected to testify regarding Archon's role in assisting the City with the online auction process, the technical and operational details of tax sales and adjudication sales generally, the specific facts and circumstances of the Tax Sale and Adjudication Sale for the Property, any notifications or publications facilitated by Archon on behalf of the City, and any relevant data, logs, or documentation related to or shared with the City concerning the Tax Sale or the Adjudication Sale.

4) Solely for purposes of authentication, and to the extent the parties are unable to stipulate to the authenticity of email communications, any City employee identified in the emails at Bates Nos. 000453-459, all of whom are fact witnesses.

5) Solely for purposes of authentication, and to the extent the parties are unable to stipulate to the authenticity of audio recordings, any individual identified on the audio recordings produced herewith, all of whom are fact witnesses.

6) Solely for purposes of authentication, and to the extent the parties are unable to stipulate that the Tax Sale and Adjudication Sale notices were, in fact, delivered to the addresses listed thereon by the United States Postal Service, a representative of the United States Postal Service, a fact witness.

The City reserves the right to amend its response to Interrogatory No. 4 to list additional fact and/or expert witnesses.

**INTERROGATORY NO. 5**: For any of Danielle Reado's Requests for Admission that you did not admit without qualification, please state the number of the Request for Admission and describe the factual and/or legal reasons why you did not fully admit to the request. If you are unable to provide any of this information please explain why.

**RESPONSE:**

Request for Admission No. 4: The City is unable to admit that the document Plaintiff attached as Exhibit 1 is "a true, correct, and authentic depiction of the webpage located at https://www.civicsource.com/auctions/cno/150145, as it appeared at the close of the Adjudication Sale and at all times thereafter" because the City is unable to verify that assertion.

Request for Admission No. 7: The City is unable to admit that "a high bid of $121,800.00 was placed at the auction on Civicsource.com that resulted in the Adjudication Sale" because Plaintiff defines "Adjudication Sale" to refer only to the adjudicated property auction of 4715 Laine Avenue. As the City understands Plaintiff's definition of "Adjudication Sale," the term does not include the adjudicated property auction of 4811 Charlene Drive.

Request for Admission No. 8: The City is unable to admit that it "did not pay any of the proceeds from the sale of the Property to Danielle Reado or any other person or entity having a

legal interest in the Property at the time of the sale" because the word "proceeds" is vague, as the funds that the City received as a result of the Adjudication Sale were used to pay Plaintiff's tax indebtedness, which is a form of payment.

**INTERROGATORY NO. 6:** Describe any and all efforts that You made to provide notice about the Tax Sale to each tax sale party, including the date that each notice was sent, the name of the person or entity to whom each notice was addressed, the address to which each notice was sent, the method by which each notice was sent (e.g. USPS first class mail, USPS certified mail, etc.), the certified mail number, if any, and the name of the person or entity that made the effort, and the employer of the person that made the effort. This Interrogatory applies to noticing efforts regardless of whether they occurred before or after the Tax Sale and regardless of the reason for the noticing effort. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 6 because it is vague, overbroad, and, to the extent it seeks information related to other persons or entities besides Danielle Reado, seeks information that is neither relevant nor likely to the lead to the discovery of admissible evidence. Subject to the foregoing objections and without waving same, the City's efforts to provide notice about the Tax Sale to each tax sale party were in strict compliance with all applicable laws. In fact, the City's agents made numerous phone calls to Danielle Reado and exchanged email correspondence directly with Danielle Reado advising her of the Adjudication Sale and the amount that was then required to redeem the Property. Despite being actually and personally aware of the Tax Sale, the Adjudication Sale, the amount needed to redeem the Property, and the date by which she needed to redeem the Property to avoid losing title, Plaintiff did nothing. Pursuant to Federal Rule of Civil Procedure 33(d), please refer to all records produced in response to Plaintiff's Requests for Production.

**INTERROGATORY NO. 7:** Describe any and all efforts that You made to identify the name and address of each tax sale party to whom notice about the Tax Sale should be provided, including in the description any documents, websites, or other sources that you referenced, when the effort was made, the name of the person that made the effort, and the employer of the person that made the effort. This Interrogatory applies to identification efforts regardless of whether they occurred

6

before or after the Tax Sale and regardless of the reason for the noticing effort. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 7 because it is vague, overbroad, and, to the extent it seeks information related to other persons or entities besides Danielle Reado, seeks information that is neither relevant nor likely to the lead to the discovery of admissible evidence. Subject to the foregoing objections and without waving same, the City's efforts to provide notice about the Tax Sale to each tax sale party were in strict compliance with all applicable laws. In fact, the City's agents made numerous phone calls to Danielle Reado and exchanged email correspondence directly with Danielle Reado advising her of the Adjudication Sale and the amount that was then required to redeem the Property. Despite being actually and personally aware of the Tax Sale, the Adjudication Sale, the amount of needed to redeem the Property, and the date by which she needed to redeem the Property to avoid losing title, Plaintiff did nothing. Pursuant to Federal Rule of Civil Procedure 33(d), please refer to all records produced in response to Plaintiff's Requests for Production.

**INTERROGATORY NO. 8:** Describe any and all efforts that You made to provide notice about the Adjudication Sale to each tax sale party, including the date that each notice was sent, the name of the person or entity to whom each notice was addressed, the address to which each notice was sent, the method by which each notice was sent (e.g. USPS first class mail, USPS certified mail, etc.), the certified mail number, if any, and the name of the person or entity that made the effort, and the employer of the person that made the effort. This Interrogatory applies to noticing efforts regardless of whether they occurred before or after the Adjudication Sale and regardless of the reason for the noticing effort. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 8 because it is vague, overbroad, and, to the extent it seeks information related to other persons or entities besides Danielle Reado, seeks information that is neither relevant nor likely to the lead to the discovery of admissible evidence. Subject to the

7

foregoing objections and without waving same, the City's efforts to provide notice about the Tax Sale to each tax sale party were in strict compliance with all applicable laws. In fact, the City's agents made numerous phone calls to Danielle Reado and exchanged email correspondence directly with Danielle Reado advising her of the Adjudication Sale and the amount that was then required to redeem the Property. Despite being actually and personally aware of the Tax Sale, the Adjudication Sale, the amount of needed to redeem the Property, and the date by which she needed to redeem the Property to avoid losing title, Plaintiff did nothing. Pursuant to Federal Rule of Civil Procedure 33(d), please refer to all records produced in response to Plaintiff's Requests for Production.

**INTERROGATORY NO. 9:** Describe any and all efforts that You made to identify the name and address of each tax sale party to whom notice about the Adjudication Sale should be provided, including in the description any documents, websites, or other sources that you referenced, when the effort was made, the name of the person that made the effort, and the employer of the person that made the effort. This Interrogatory applies to identification efforts regardless of whether they occurred before or after the Adjudication Sale and regardless of the reason for the noticing effort. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 9 because it is vague, overbroad, and, to the extent it seeks information related to other persons or entities besides Danielle Reado, seeks information that is neither relevant nor likely to the lead to the discovery of admissible evidence. Subject to the foregoing objections and without waving same, the City's efforts to provide notice about the Tax Sale to each tax sale party were in strict compliance with all applicable laws. In fact, the City's agents made numerous phone calls to Danielle Reado and exchanged email correspondence directly with Danielle Reado advising her of the Adjudication Sale and the amount that was then required to redeem the Property. Despite being actually and personally aware of the Tax Sale, the Adjudication Sale, the amount of needed to redeem the Property, and the date by which she needed

to redeem the Property to avoid losing title, Plaintiff did nothing. Pursuant to Federal Rule of Civil Procedure 33(d), please refer to all records produced in response to Plaintiff's Requests for Production.

**INTERROGATORY NO. 10:** Describe any and all tax payments that You received for the Property from the tax year 2011 until the present date, stating for each payment made, the date it was made, the amount paid, and the person or entity that made the payment. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City received a $503.00 tax payment on or about October 13, 2011. The City is unable to identify the "person or entity who made the payment" because its available records do not contain any information related to the identity of the payor. The City did not receive any tax payments after the October 13, 2011 payment until the Adjudication Sale. Pursuant to Federal Rule of Civil Procedure 33(d), see records produced in response to Plaintiff's Requests for Production at Bates Nos. Please see Bates Nos. CNO_000452; CNO_000460.

**INTERROGATORY NO. 11:** Identify any and all persons, entities, or vendors that provided you with any services whatsoever related to the Tax Sale or the Adjudication Sale and state what services each such person, entity or vendor provided, and the name, address, telephone number, and email address for your primary contact person(s) at each such entity or vendor. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 11 because the term "any services whatsoever" is vague and overbroad. Subject to the foregoing objection and without waving same, Archon Information Services, LLC assisted the City in its efforts to provide notice of the Tax Sale and Adjudication Sale and in hosting the auctions relative to same. The United States Postal Service also provided mail processing and delivery services.

**INTERROGATORY NO. 12**: State the number of bidders at the auction which resulted in the Adjudication Sale, identify each such bidder, and state the amount of the highest bid placed by each such bidder. If you are unable to provide any of this information please explain why.

9

**RESPONSE:**

The City objects to Interrogatory No. 12 because it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. The City further objects to "identify" the bidders to the extent that word is defined to require to revelation of individual names and personal addresses. Subject to the foregoing objections and without waving same, the City responds as follows: There were six bidders at the auction which resulted in the Adjudication Sale, whose high bids are shown in the chart below:

| Bidder | High Bid |
|--------|----------|
| User 999 | $121,800.00 |
| User 124 | $120,800.00 |
| User 310 | $36,500.00 |
| User 937 | $69,000.00 |
| User 284 | $57,401.00 |
| User 549 | $32,000.00 |

**INTERROGATORY NO. 13**: State the last date that You would have allowed the Property to be redeemed under La. R.S. 47:2246, the total payment that would have been required to redeem it in full on that date ("Redemption Amount"), and list all individual items making up the Redemption Amount and the amount of each such item. If the Redemption Amount is different than the $29,529.01 total stated under the "Taxes" header tag on https://www.civicsource.com/auctions/cno/134839, please explain why. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 13 because it improperly assumes the existence of hypothetical facts. The City further objects to Interrogatory No. 13 to the extent it calls for a legal conclusion. The City further objects to Interrogatory No. 13 because it seeks information already in Plaintiff's possession. Subject to the foregoing objections and without waving same, the City responds as follows:

10

(1) The "last date that" the "tax collector," *see* LA. REV. STAT. § 47:2243, would have allowed the Property to be redeemed is statutorily provided by LA. REV. STAT. § 47:2246, which provides:

> "A. For property adjudicated to a political subdivision, after the expiration of the applicable redemptive period, any person may redeem tax sale title to property in the name of the tax debtor until any of the following shall occur:
>
> 1) The later of sixty days or six months, as applicable, after the notice required by R.S. 47:2206, or the filing of the sale or donation transferring the property from the political subdivision pursuant to R.S. 47:2201 et seq.
>
> 2) The granting of the order of possession pursuant to R.S. 47:2232.
>
> 3) Sixty days or six months, as applicable, after the notice required by R.S.47:2236."

(2) The "total payment that would have been required to redeem" the Property is statutorily provided by LA REV. STAT. § 47:2243, which provides that a redemption payment "shall include all statutory impositions accruing before the date of payment with five percent penalty and simply interest accruing at one percent per month," as well as LA REV. STAT. § 47:2247, which provides that a person redeeming property adjudicated to a political subdivision "shall pay also the actual costs incurred by the political subdivision and any acquiring person for the costs of all certified mail, notice, publication of notice, or personal services of notices in complying with the applicable provisions of law, including, without limitation, determination of tax sale parties and the notification of such persons of the sale or donation as allowed by law."

In this case, numerous redemption calculations were generated, most of them at the direct request of Plaintiff, Danielle Reado. Despite receiving these redemption calculations and being actually aware that she needed to redeem the Property to avoid the Adjudication Sale, Plaintiff did not pay anything. Pursuant to Federal Rule of Civil Procedure 33, please refer to the documents

11

being produced in response to Plaintiff's Requests for Production at Bates Nos. CNO_000443-459.

(3) The City objects to Plaintiff's request that the City "explain why" the redemption amount is different than the $29,529.21 figure identified by Plaintiff because it is vague and ambiguous. Again, the redemption amount is statutorily provided by LA REV. STAT. § 47:2243, which provides that a redemption payment "shall include all statutory impositions accruing before the date of payment with five percent penalty and simply interest accruing at one percent per month," as well as LA REV. STAT. § 47:2247, which provides that a person redeeming property adjudicated to a political subdivision "shall pay also the actual costs incurred by the political subdivision and any acquiring person for the costs of all certified mail, notice, publication of notice, or personal services of notices in complying with the applicable provisions of law, including, without limitation, determination of tax sale parties and the notification of such persons of the sale or donation as allowed by law."

**INTERROGATORY NO. 14**: Identify the person that prepared the Non-Warranty Cash Sale document that purports to transfer the Property's title to Serpil Properties LLC (attached as Exhibit B) and explain how the stated sale price of $60,753.75 was determined. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 14 to the extent it requests the identity of "the person that prepared the Non-Warranty Cash Sale document that purports to transfer the Property's title to Serpil Properties LLC (attached as Exhibit B). . . ." because it the word "prepared" is vague and ambiguous and, in any event, neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waving the foregoing objections, the City responds as follows: the Non-Warranty Cash Sale, attached as Exhibit B to Plaintiff's Interrogatories, speaks for itself and forms the best evidence of its contents. The City further objects to Plaintiff's request to

12

"explain how the stated sale price of $60,753.75 was determined" because it is vague and ambiguous.

**INTERROGATORY NO. 15:** List any and all computer software, applications, and/or electronic programs that You utilized to facilitate tax sales, adjudication sales, or the collection of delinquent taxes at the time of the Tax Sale and the Adjudication Sale. For any computer software, applications, and/or electronic programs listed, state whether any information pertaining to the Tax Sale or the Adjudication Sale was entered into or is retained by said software, applications, and/or electronic programs and state the purposes for Your use of said software, applications, and/or electronic programs in relation to the Tax Sale and/or Adjudication Sale. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 15 to the extent it asks the City to disclose any confidential or proprietary trade secrets. The City further objects to Interrogatory No. 15 because the request to "state the purpose" of the City's use of any purported software, applications, and/or electronic programs is vague, ambiguous, and overbroad. For example, Interrogatory No. 15 could conceivably encompass standard word processing and PDF software and electronic mail software. Subject to and without waiving these and the General Objections, the City responds as follows: Archon Information Services, LLC assisted the City in its efforts to provide notice of the tax sale and adjudication sale and in hosting the auctions relative to same. On information and belief, Archon Information Systems, LLC utilizes proprietary software called "Administrator" into which information pertaining to the Tax Sale and the Adjudication Sale was entered and retained. Please Bates No. CNO_001104-1121.

13

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that You contracted with Archon Information Systems, L.L.C. to conduct the auction that resulted in the Adjudication Sale.

**RESPONSE:**

The City objects to Request for Admission No. 1 because it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to the foregoing objection and without waving same, the City admits that it contracted with Archon Information Systems, L.L.C. to assist the City in conducting the auction that resulted in the Adjudication Sale.

**REQUEST FOR ADMISSION NO. 2:** Admit that Archon Information Systems, L.L.C. conducted the adjudicated property auction that resulted in the Adjudication Sale on the website called Civicsource.com.

**RESPONSE:**

The City objects to Request for Admission No. 1 because it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to the foregoing objection and without waving same, the City admits that the adjudicated property auction that resulted in the Adjudication Sale was hosted on the website called Civicsource.com.

**REQUEST FOR ADMISSION NO. 3:** Admit that the URL for the auction on Civicsource.com that resulted in the Adjudication Sale was https://www.civicsource.com/auctions/cno/150145.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 4:** Admit that the document attached hereto as Exhibit A is a true, correct, and authentic depiction of the webpage located at https://www.civicsource.com/auctions/cno/150145, as it appeared at the close of the Adjudication Sale and at all times thereafter.

**RESPONSE:**

The City denies Request for Admission No. 4 for lack of information sufficient to justify a

belief therein. See the City's response to Interrogatory No. 5.

**REQUEST FOR ADMISSION NO. 5:** Admit that You permit multiple properties that have been adjudicated to You as the result of delinquent ad valorem taxes to be sold in a single auction, for a single price, on the website called Civicsource.com (hereinafter referred to as a "Bundle" or "Bundling").

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 6:** Admit that You offered the Property for sale at an auction on Civicsource.com as a Bundle with another property having a municipal address of 4811 Charlene Dr., New Orleans, Louisiana.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 7:** Admit that a high bid of $121,800.00 was placed at the auction on Civicsource.com that resulted in the Adjudication Sale.

**RESPONSE:**

The City objects to Request for Admission No. 7 because the term "Adjudication Sale" is

defined as "the purported events and acts described in paragraph 14 of Danielle Reado's First

Amended Complaint (doc. 20) in this matter, and any other events or acts that are related thereto."

In turn, Paragraph 14 of Plaintiff's Amended Complaint refers solely to the Non-Warranty Cash

Sale of 4715 Laine Avenue, New Orleans, Louisiana, recorded as Instrument No. 2023-02649.

Denied as written. See the City's response to Interrogatory No. 5.

**REQUEST FOR ADMISSION NO. 8:** Admit that You did not pay any of the proceeds from the sale of the Property to Danielle Reado or any other person or entity having a legal interest in the Property at the time of the sale.

15

**RESPONSE:**

The City objects to Request for Admission No. 8 because the word "proceeds" is vague and undefined. Denied as written. See the City's response to Interrogatory No. 5.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

The City's investigation is ongoing. The City reserves the right to supplement the below responses at a future date upon the discovery of additional documents that are responsive to these requests.

**REQUEST NO. 1:** Each and every document which You contend supports Your defense of this matter or which supports any denial or affirmative defense in Your Answer or which you may make in Your Answer.

**RESPONSE:**

Please see all documents produced herewith.

**REQUEST NO. 2:** All documents identified in response to the Interrogatories or Requests for Admission propounded to You in this matter.

**RESPONSE:**

Please see all documents produced herewith.

**REQUEST NO. 3:** Any and all exhibits, documents, records, photographs, evidence, or demonstrative evidence of any nature whatsoever which You will attempt to introduce into evidence and/or use at the trial of this matter or at any hearing in this matter.

**RESPONSE:**

Please see all records produced herewith.

**REQUEST NO. 4:** Any and all written and/or recorded statements (including affidavits) in any way related to the Tax Sale, the Adjudication Sale, the Property, or any issue in this litigation.

**RESPONSE:**

Please see all records produced herewith.

**REQUEST NO. 5:** Copies of tax bills associated with the Property for tax years 2011 to the present year.

**RESPONSE:**

Please see Bates Nos. CNO_001158-1186.

**REQUEST NO. 6:** Copies of any and all documents and/or ledgers depicting any tax payment made on the Property in any tax year from 2011 to the present year.

**RESPONSE:**

Please see Bates Nos. CNO_000452; CNO_000460.

**REQUEST NO. 7:** Copies of any and all notices that were sent to any person or entity in relation to the Tax Sale or the Adjudication Sale.

**RESPONSE:**

Please see Bates Nos. CNO_000001-459; CNO_1005-1124; and the native .wav files being

produced herewith.

**REQUEST NO. 8:** Copies of any and all envelopes in which any notice was sent in relation to the Tax Sale or the Adjudication Sale.

**RESPONSE:**

The City objects to Request for Production No. 8 because the word "envelopes" is unclear.

Logically, the City, as the *sender* of notice related to the Tax Sale and Adjudication Sale, would

not still have the envelopes that it sent to other persons; those persons would have the envelopes.

Subject to and without waving the foregoing objection, please see Bates Nos. CNO_000440-447;

CNO_001088-1099.

**REQUEST NO. 9:** Copies of any and all mail receipts, proof of payment, and other documents evidencing that any notice related to the Tax Sale or the Adjudication Sale was actually mailed to the stated recipient.

**RESPONSE:**

Please see Bates Nos. CNO_000001-447; CNO_001005-1124; CNO_000443;

CNO_000456-457; CNO_000458-459; CNO_001124; CNO_001125-1157; CNO_001100.

**REQUEST NO. 10:** Copies of any and all return receipts associated which any notice that was sent in relation to the Tax Sale or the Adjudication Sale.

18

**RESPONSE:**

Please see the City's response to Request for Production No. 8.

**REQUEST NO. 11:** Copies of any and all advertisements made in relation to the Tax Sale or Adjudication Sale.

**RESPONSE:**

Please see Bates Nos. CNO_000019-409; CNO_002912-2917.

**REQUEST NO. 12:** Copies of any and all documents describing effort that you took to identify and locate any person or entity to provide them with notice of the Tax Sale and Adjudication Sale, including but not limited to abstracts and mortgage certificates.

**RESPONSE:**

Please see Bates Nos. CNO_001006-1049; CNO_001101-1124.

**REQUEST NO. 13:** Copies of all internal communications, including but not limited to emails, text messages, memoranda, notes, letters, reports, meeting minutes, and messages (including all forms of electronic messaging), between or among Your employees, officers, departments, and or agents that refer or relate to the Tax Sale, the Adjudication Sale, the Property, or this litigation in any way.

**RESPONSE:**

Please see Bates Nos. 000470-001004.

**REQUEST NO. 14:** Copies of all communications, including but not limited to emails, text messages, memoranda, notes, letters, reports, meeting minutes, and messages (including all forms of electronic messaging), between or among You (including, but not limited to Your employees, officers, departments, and or agents) and any third party (including, but not limited to Civicsource, Archon Information Systems, and any other vendor) that refer or relate to the Tax Sale, the Adjudication Sale, the Property, or this litigation in any way.

**RESPONSE:**

Please see Bates Nos. 000470-001004.

**REQUEST NO. 15:** Copies of any and all documents bearing the signature of Plaintiff, Gwendolyn Reado, or Taylor Reado.

**RESPONSE:**

Please see Bates Nos. 000443-451.

**REQUEST NO. 16:** Copies of any and all audio or video recordings that refer or relate to the Tax Sale, the Adjudication Sale, the Property, or this litigation in any way.

**RESPONSE:**

Please see the native .wav files produced herewith; CNO_001100.

**REQUEST NO. 17:** Copies of any and all logs that indicate that any person visited or called You or Your tax collector's office to discuss the Tax Sale, the Adjudication Sale, the Property, or this litigation.

**RESPONSE:**

Please see Bates Nos. 000443-451.

**REQUEST NO. 18:** Copies of any and redemption calculations that You generated in relation to the Tax Sale, the Adjudication Sale, the Property, or this litigation.

**RESPONSE:**

Please see Bates Nos. 000443-451.

**REQUEST NO. 19:** Copies of any and all transcripts from any and all depositions taken in any dispute, other than the current litigation, in which claims were asserted against You based on Tyler v. Hennepin Cnty., 143 S. Ct. 1369 (2023) or the holding therein.

**RESPONSE:**

The City objects to Request for Production No. 19 because it is neither relevant nor likely

to lead to the discovery of admissible evidence.

**REQUEST NO. 20:** Copies of any and all contracts or other agreements between you and any contractors or vendors that provided you with any services whatsoever related to the Tax Sale, the Adjudication Sale, or the Property.

**RESPONSE:**

The City objects to Request for Production No. 20 because it is neither relevant nor likely

to lead to the discovery of admissible evidence.

**REQUEST NO. 21:** Printoffs, comma delimited files, and or screenshots of any and all information related to the Tax Sale, the Adjudication Sale, or the Property that is contained in any computer software, applications, and/or electronic programs that You utilize.

20

**RESPONSE:**

Please see all documents produced herewith.

**REQUEST NO. 22:** If you did not admit Danielle Reado's Requests for Admission No. 4 without qualification, produce a true, correct, and authentic depiction of the webpage located at https://www.civicsource.com/auctions/cno/150145, as it appeared (1) immediately prior to the closure of the auction on Civicsource.com that resulted in the Adjudication Sale, (2) immediately following the closure of the auction on Civicsource.com that resulted in the Adjudication Sale, and (3) as it currently appears.

**RESPONSE:**

The City objects to Request for Production No. 22 because it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waving the foregoing objection, the City has no documents within its possession, custody, or control responsive to subparts (1) or (2) of Request for Production No. 22. In response to subpart (3) of Request for Production No. 22, please see https://www.civicsource.com/auctions/cno/150145.

**REQUEST NO. 23:** A true, correct, and authentic depiction of the webpage located at https://www.civicsource.com/auctions/cno/134839, as it appeared (1) immediately prior to the closure of the auction on Civicsource.com that resulted in the Adjudication Sale, (2) immediately following the closure of the auction on Civicsource.com that resulted in the Adjudication Sale, and (3) as it currently appears.

**RESPONSE:**

The City objects to Request for Production No. 23 because it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waving the foregoing objection, the City has no documents within its possession, custody, or control responsive to subparts (1) or (2) of Request for Production No. 23. In response to subpart (3) of Request for Production No. 23, please see https://www.civicsource.com/auctions/cno/134839.

**REQUEST NO. 24:** Copies of any and all documents and/or ledgers depicting any payment(s) to You or your vendor(s) that are associated in any way with the Adjudication Sale, or that depict any funds generated from the sale of the Property.

**RESPONSE:**

Please see Bates Nos. CNO_000609-618; CNO_000619-621.

**REQUEST NO. 25:** Copies of any and all documents and/or ledgers depicting any payment(s) from You that are associated in any way with the Adjudication Sale, or that depict the costs associated with the Tax Sale or the Adjudication Sale.

**RESPONSE:**

Please see Bates Nos. CNO_000609-618; CNO_000619-621.

**REQUEST NO. 26:** A copy of any documents disclosed or described in Your Initial Disclosures.

**RESPONSE:**

Please see all documents produced herewith.

**REQUEST NO. 27:** A copy of Your entire file concerning the Property, the property having a municipal address of 4811 Charlene Dr., New Orleans, Louisiana, the Tax Sale, the Adjudication Sale, and any auction(s) related thereto.

**RESPONSE:**

The City objects to Request for Production No. 27 because the term "entire file" is vague, ambiguous, and undefined. Subject to and without waving the foregoing objections, Please see Bates Nos. CNO-001187-2910.

[Signature block on following page]

22

Respectfully submitted,

Dated: July 23, 2025

/s/ *Grant G. Butler*

JAMES M. GARNER (# 19589)
JOSHUA S. FORCE (# 21975)
GRANT G. BUTLER (# 40300)
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana  70112-1033
Telephone:     (504) 299-2100
Facsimile:      (504) 299-2300
Email:            jgarner@shergarner.com
                       jforce@shergarner.com
                       gbutler@shergarner.com

– and –

JASMINE L. BANDY (# 40961)
Assistant City Attorney
JAMES M. ROQUEMORE (# 40035)
Deputy City Attorney
CORWIN ST. RAYMOND (# 31330)
Chief Deputy City Attorney
DONESIA D. TURNER (# 23338)
City Attorney
**CITY OF NEW ORLEANS**
1300 Perdido Street, Room 5E03
New Orleans, Louisiana  70112
Telephone:     (504) 658-9800
Facsimile:      (504) 658-9868
Email:            Jasmine.Bandy@nola.gov
                       James.Roquemore@nola.gov

Attorneys for Defendant
CITY OF NEW ORLEANS

23