# PRITCHETT LEGAL SERVICES, LLC

2930 Banks Street
New Orleans, Louisiana 70119

Phone: (602) 402-6264
PritchettLegal.com

**PAUL W. PRITCHETT**
Attorney
ppritchett@pritchettlegal.com

August 20, 2025

Grant G. Butler, Esq.
Sher Garner Cahill Richter
Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033

**Re:**    Reado v. Serpil Properties, LLC et al.
EDLA No. 2:24-cv-2451-SSV-JVM

Dear Grant:

I have reviewed the City's responses to the Interrogatories, Requests for Production, and Requests for Admission served by Danielle Reado in this matter and have identified several deficiencies. Ms. Reado objects to these deficiencies, as outlined below. This correspondence is provided prior to our meet and confer which is scheduled for August 22, 2025 to facilitate a productive discussion pursuant to Federal Rule of Civil Procedure 37.

**Interrogatory No. 1:**

Plaintiff's Interrogatory requested that the City identify all persons who provided information used in responding to the Interrogatories and Requests for Production. The City has not provided this information. Its reliance on privilege is unfounded. The Fifth Circuit has made clear that the identity of persons with whom counsel communicates is generally not protected by the attorney–client privilege. See eg. Taylor Lohmeyer Law Firm PLLC v. United States, 957 F.3d 505 (5th Cir. 2020). In addition, any communications between the City's counsel and Archon Information Systems, LLC are not privileged unless counsel also represents Archon in this matter, a circumstance that would likely create an unwaivable conflict of interest. Accordingly, Plaintiff requests that the City withdraw its privilege claim/ objection and provide a complete response by identifying all persons who provided information for the Interrogatories and Requests for Production.

**Interrogatory Nos. 6 and 8:**

These Interrogatories requested that the City describe its efforts to provide notice of the Tax Sale and the Adjudication Sale to each tax sale party, including in the description the date that each notice was sent, the name of the person or entity to whom each notice was addressed, the address to which each notice was sent, the method by which each notice was sent, and the certified mail number, if any. Additionally, these Interrogatories requested that the City identify the

Exhibit 6

PRITCHETT LEGAL SERVICES, LLC

2930 Banks Street                                                Phone: (602) 402-6264
New Orleans, Louisiana 70119                                        PritchettLegal.com

individual or entity who undertook the effort, along with that person's employer. The City has not provided this information. Its objections that the Interrogatory is vague, overbroad, irrelevant, or unlikely to lead to admissible evidence are without merit as Plaintiff's claims expressly challenge the adequacy of noticing efforts associated with the Tax Sale and the Adjudication Sale, which includes noticing to her predecessors in title.

The City's attempt to invoke Rule 33(d) is likewise deficient. Rule 33(d) requires that documents be specified with sufficient detail to allow the requesting party to locate the responsive information as readily as the responding party. Contrary to this requirement, the City referred Plaintiff to "all records produced in response to Plaintiff's Requests for Production," consisting of 2,917 pages of records, most of which bear no relation to the City's Tax Sale or Adjudication Sale noticing efforts. Moreover, none of the documents produced appear to identify the person or entity who performed the noticing, or that person's employer.

Accordingly, Plaintiff requests that the City withdraw its objection and provide a complete response by either (1) providing the requested information directly or (2) identifying with specificity the documents that contain all information sought.

**Interrogatory Nos. 7 and 9:**

These Interrogatories requested that the City describe its efforts to identify the name and address of each tax sale party to whom notice about the Tax Sale and Adjudication Sale should be provided, including in the description any documents, websites, or other sources that the City referenced and when the effort was made. Additionally, these Interrogatories requested that the City identify the individual or entity who undertook the effort, along with that person's employer. The City has not provided this information. Its objections that the Interrogatory is vague, overbroad, irrelevant, or unlikely to lead to admissible evidence are without merit as Plaintiff's claims expressly challenge the adequacy of noticing efforts associated with the Tax Sale and the Adjudication Sale, which includes noticing to her predecessors in title.

The City's attempt to invoke Rule 33(d) is likewise deficient. Rule 33(d) requires that documents be specified with sufficient detail to allow the requesting party to locate the responsive information as readily as the responding party. Contrary to this requirement, the City referred Plaintiff to "all records produced in response to Plaintiff's Requests for Production," consisting of 2,917 pages of records, most of which bear no relation to the City's identification efforts. Moreover, none of the documents produced appear to identify the person or entity who made the identification efforts, or that person's employer.

Accordingly, Plaintiff requests that the City withdraw its objection and provide a complete response by either (1) providing the requested information directly or (2) identifying with specificity the documents that contain all information sought.

# PRITCHETT LEGAL SERVICES, LLC

2930 Banks Street                                                    Phone: (602) 402-6264
New Orleans, Louisiana 70119                                              PritchettLegal.com

**Interrogatory No. 12:**

Plaintiff's Interrogatory requested that the City identify the bidders at the auction which resulted in the Adjudication Sale. The City has not provided this information. Its objection to the disclosure of the names and addresses of the bidders at the auction is improper. The names and contact information of persons bidding in a City auction is a matter of public record. Furthermore, the information is reasonably calculated to lead to the discovery of relevant evidence because these persons may have information about the relative value of the properties that were "bundled" together in the auction. Accordingly, Plaintiff requests that the City withdraw its objection and provide a complete response identifying each bidder at the auction, including their names, last known addresses, and other requested contact information.

**Interrogatory No. 13:**

Plaintiff's Interrogatory requested that the City state the last date that the City would have allowed the Property to be redeemed under La. R.S. 47:2246, the total payment that would have been required to redeem it in full on that date ("Redemption Amount"), to list all individual items making up the Redemption Amount and the amount of each such item, and to explain why a figure on its agent's website that appears to list the component parts that go into a redemption amount is different from the stated Redemption Amount if it is different. The City's objections are without merit, and its recitation of statutes is non-responsive. The Interrogatory seeks the City's position on these matters, not a restatement of statutory provisions that leaves Plaintiff to speculate about the date, the Redemption Amount, its components, or the reasons for any discrepancy. Because the City has not provided the requested information, Plaintiff requests that the City withdraw its objections and provide a complete response to the Interrogatory.

**Interrogatory No. 14:**

Plaintiff's Interrogatory requested that the City identify the person who prepared the sale document attached as Exhibit B and to explain how the sale price stated therein was determined. The City has not provided this information. The City's objections to identifying the document's preparer are improper. The term "prepared" is not vague or ambiguous in this context; it plainly encompasses anyone who drafted, provided information for, or inserted information into the document. Nor is the request irrelevant or unlikely to lead to admissible evidence as persons drafting, providing information for, or inserting information into the document are reasonably expected to have knowledge of how the sale price was derived.

The City's objection to explaining how the sale price of $60,753.75 was determined is equally unfounded. The City or its agents determined this figure, and a request for an explanation of how it was calculated is direct, clear, and relevant. Because the City has not provided the requested information, Plaintiff requests that the City withdraw its objections and provide a complete response to the Interrogatory.

# PRITCHETT LEGAL SERVICES, LLC

2930 Banks Street                                              Phone: (602) 402-6264
New Orleans, Louisiana 70119                                     PritchettLegal.com

**Interrogatory No. 15:**

The City's objection to Plaintiff's Interrogatory on the basis of "confidential or proprietary trade secrets" is improper. As a public entity, the City does not possess "trade secrets," and it cannot withhold discoverable information on that ground. Plaintiff therefore requests that the City withdraw this objection and supplement its response to provide any information withheld on this basis.

**Request for Production No. 8:**

Plaintiff's Request for Production asked the City to produce copies of envelopes in which notices were sent in connection with the Tax Sale or Adjudication Sale. The City's objection that the term "envelopes" is unclear is without merit. An "envelope" is commonly understood to be a paper container for a letter. The City's further observation that recipients, not senders, would typically retain the envelopes is irrelevant (and also demonstrates that the City understands what the term "envelopes" means). The Request seeks copies, not originals, and the City could have copied the envelopes before sending them. Plaintiff therefore requests that the City withdraw this objection and supplement its response to produce any responsive documents withheld on this basis.

**Request for Production No. 10:**

Plaintiff's Request for Production asked the City to produce copies of return receipts associated with notices sent in connection with the Tax Sale or Adjudication Sale. The City responded by referring to its response to Request for Production No. 8, which contained objections and observations unrelated to the return receipt copies. Those objections are meritless and should be withdrawn for the reasons stated above. Plaintiff therefore requests that the City withdraw its objections and supplement its response to produce any responsive documents withheld on that basis.

**Request for Production No. 19:**

Plaintiff's Request for Production sought transcripts from any depositions taken in other disputes, apart from this litigation, in which claims were asserted against the City based on Tyler v. Hennepin Cnty., 143 S. Ct. 1369 (2023), or its holding. The City's objection that the Request seeks irrelevant information and is unlikely to lead to admissible evidence is unfounded. Plaintiff has asserted claims in this case which rest on the Tyler decision. If the City has been involved in other litigation raising Tyler-related issues, deposition transcripts from those cases are reasonably calculated to lead to the discovery of the City's defenses, may reveal overlooked sources of relevant information, and could be used for impeachment, depending on the witness. Plaintiff therefore requests that the City withdraw its objection and supplement its response to produce any responsive transcripts withheld on this basis.

PRITCHETT LEGAL SERVICES, LLC

---

2930 Banks Street                                           Phone: (602) 402-6264
New Orleans, Louisiana 70119                                    PritchettLegal.com

**Request for Production No. 20:**

Plaintiff's Request for Production sought contracts or other agreements between the City and any contractors or vendors that provided services related to the Tax Sale, the Adjudication Sale, or the Property. The City's objection that the Request seeks irrelevant information and is unlikely to lead to admissible evidence is without merit. Such contracts or agreements are reasonably expected to identify the parties responsible for noticing efforts, preparing adjudication sale documents, determining the pricing of "bundled" properties, and related tasks. This information is directly relevant to identifying potential deponents and other sources of discoverable evidence. Plaintiff therefore requests that the City withdraw its objection and supplement its response to produce any responsive documents withheld on this basis.

**Request for Production No. 21:**

Plaintiff's Request for Production sought screenshots of all information related to the Tax Sale, the Adjudication Sale, or the Property contained in any computer software, applications, or electronic programs used by the City. The City produced screenshots of Civicsource webpages at Bates CNO_001122 and CNO_001123, but did not produce a screenshot of the Civicsource webpage reflecting the auction that resulted in the Adjudication Sale. Plaintiff therefore requests that the City supplement its response to include screenshots of that webpage and any other responsive documents not yet produced.

**Request for Production Nos. 24 and 25:**

Plaintiff's Requests for Production sought documents reflecting the flow of funds related to the Tax Sale and Adjudication Sale, including payments to or from the City or its vendors, revenues generated from the sales, and costs associated with the sales. The City referred Plaintiff to documents produced at Bates CNO_000609–618 and CNO_000619–621, but those documents are improperly redacted. Because the City lodged no objection to their production, they should be produced in unredacted form. Moreover, these are public records and no basis exists for withholding portions of them. In addition, no documents appear to have been produced that are responsive to the portion of the Requests concerning the Tax Sale. Plaintiff therefore requests that the City supplement its responses by producing unredacted copies of CNO_000609–618 and CNO_000619–621, along with responsive Tax Sale related documents.

**Request for Admission No. 7:**

Plaintiff's Request for Admission asked the City to admit that a high bid of $121,800.00 was placed at the auction on Civicsource.com that resulted in the Adjudication Sale. The City objected on the ground that the term "Adjudication Sale" refers only to the sale of 4715 Laine Avenue. This objection misstates the Request. The Request does not ask the City to admit that the bid was placed at the Adjudication Sale itself, but that it was placed at the auction that <u>resulted in</u> the Adjudication Sale. Plaintiff therefore requests that the City withdraw its objection and respond to the Request as written.

# PRITCHETT LEGAL SERVICES, LLC

2930 Banks Street                                                    Phone: (602) 402-6264
New Orleans, Louisiana 70119                                         PritchettLegal.com

I look forward to discussing these issues further at our scheduled meet and confer.

Sincerely,

**PAUL W. PRITCHETT**