UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIELLE READO** | * | **CIVIL ACTION NO. 2:24-cv-2451** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE WILLIAM J. CRAIN** |
| | * | |
| | * | |
| **CITY OF NEW ORLEANS AND** | * | **MAGISTRATE JANIS VAN** |
| **SERPIL PROPERTIES LLC** | * | **MEERVELD** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM CITY OF NEW ORLEANS

**May It Please the Court:**

Plaintiff, Danielle Reado, respectfully submits this Reply Memorandum in further support of her Motion to Compel Discovery Responses from City of New Orleans ("City").

The City argues in its Opposition that Plaintiff's Motion to Compel should be denied because the City recently assumed the defense of this matter after prior counsel withdrew, because prior counsel had prepared draft supplemental discovery responses that newly enrolled counsel was reviewing and intended to serve by the end of the week, and because the parties had consented to continue the trial and amend the scheduling order. (R. Doc. 68). None of these arguments have merit.

The City's contention that its recent substitution of counsel justifies denying Plaintiff's Motion to Compel is unfounded. Although the City substituted counsel on June 30, 2026 (R. Doc. 57), it also sought and obtained a continuance of the submission date on Plaintiff's Motion to Compel from July 15, 2026, to July 29, 2026, specifically representing that "newly enrolled counsel for the City need time to familiarize themselves with the Motion and the underlying record before responding." (R. Doc. 58). Having obtained the additional time it requested, the City cannot

1

now rely upon the same change in counsel as a basis for denying the Motion. Furthermore, the City cites no authority, and Plaintiff is aware of none, holding that a party's substitution of counsel provides a basis for denying an otherwise meritorious motion to compel.

Likewise, the City's assertion that the trial date has been continued and the discovery deadlines will be reset provides no basis for denying the Motion to Compel. The Federal Rules of Civil Procedure do not excuse a party from complying with its discovery obligations simply because a scheduling order has been amended. To the contrary, written discovery responses are due within thirty days after service unless otherwise stipulated or ordered by the Court. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Moreover, the extent to which the amended scheduling order will permit additional discovery remains unknown. Accordingly, the City should be required to provide complete and responsive discovery now rather than continue delaying its obligations.

Finally, the City represented in its Opposition that it would supplement the discovery responses at issue by the end of the week. (R. Doc. 68). While the City did serve Supplemental Responses, a true and correct copy of which is attached hereto as Exhibit 15, those responses fail to cure nearly all of the deficiencies identified in Plaintiff's Motion to Compel. The remaining deficiencies are addressed below in the same sequence as presented in the Memorandum in Support of Plaintiff's Motion to Compel.

**A. Interrogatory No. 1 – Supplemental Response Remains Deficient**

The City's Supplemental Response to Interrogatory No. 1 does not cure the deficiency identified in Plaintiff's Motion and Memorandum in Support. Although the City supplemented its response to identify that it obtained information from the City Attorney's Office and the City's Bureau of Treasury in preparing its discovery responses, it continues to refuse to identify the

individuals within those offices who provided that information based on the same assertion of attorney-client privilege addressed in Plaintiff's Motion and Memorandum in Support. See Ex. 15.

Moreover, the City's Supplemental Response is incomplete even as to the one individual it does identify. Interrogatory No. 1 defines the term "Identify," with respect to an individual, to require the individual's "last known home address, last known telephone number, last known email address, last known place of employment, and last known employment address." (R. Doc. 54-4). The City identifies an Archon employee, Allison Kelley, but provides none of the information required by the interrogatory's definition. See Ex. 15.

Accordingly, the Court should compel the City to provide a complete response to Interrogatory No. 1, including the identities of all individuals who provided information used in preparing its discovery responses and the identifying information requested for each such individual.

**B. Interrogatory Nos. 6 Through 9. – Supplemental Response Remains Deficient**

The City's Supplemental Responses to Interrogatory Nos. 6 through 9 do not cure the deficiencies identified in Plaintiff's Motion and Memorandum in Support. In its original responses, the City asserted several objections and invoked Rule 33(d), generally directing Plaintiff to the approximately 2,917 pages of documents it had produced to identify the individuals and entities involved in identifying interested parties and providing notice in connection with the Tax Sale and Adjudication Sale. (R. Doc. 54-6).

During the parties' Rule 37 conference, the City agreed to supplement its responses by identifying the entities involved in those efforts, describing their respective roles, and, to the extent possible, identifying the individuals who performed those functions. (R. Doc. 54-12). The City's Supplemental Responses do none of those things. Instead, they merely narrow their Rule 33(d)

reference to approximately 647 pages of previously produced documents without identifying a single individual or explaining which documents purportedly answer each interrogatory. See Ex. 15.

This is not a meaningful supplementation. Rather, it continues to require Plaintiff to sift through hundreds of pages of documents to determine the identities and roles of people involved in the notice process, even though that information is plainly more accessible to the City than to Plaintiff. Accordingly, the Court should compel the City to provide complete narrative responses identifying the responsive individuals and entities, together with their respective roles, as requested in the interrogatories.

**C. Interrogatory No. 13 – Supplemental Response Remains Deficient**

The City's Supplemental Response to Interrogatory No. 13 does not cure the deficiencies identified in Plaintiff's Motion and Memorandum in Support.

First, the City's response still fails to identify the final date on which the Property could have been redeemed. Instead, it merely re-recites the statutory framework governing redemption. See Ex. 15. As explained in Plaintiff's Motion and Memorandum in Support, Interrogatory No. 13 seeks the City's contention regarding the final redemption date, not a recitation of Louisiana law.

Second, while the City has supplemented its response by directing Plaintiff to a December 30, 2022 redemption calculation (Bates No. CNO_000451, attached hereto as Exhibit 16), that document does not identify the redemption amount applicable on the final date redemption remained available. Under the City's own response, the Property remained redeemable until at least the date the Act of Sale was recorded, January 24, 2023 (see Exhibit 17, attached hereto), and the redemption period under La. R.S. 47:2246 may have extended up to sixty days beyond that date. Accordingly, a redemption calculation generated on December 30, 2022 does not necessarily

reflect the amount required to redeem the Property on the final redemption date because interest and costs continued to accrue after December 30, 2022.

Indeed, other documents produced by the City appear to indicate that alleged costs associated with the Adjudication Sale continued to accrue after the date of the referenced redemption calculation. The December 30 redemption calculation reflects adjudication sale costs of $2,155.50. See Ex. 16. By contrast, Exhibit 14 to Plaintiff's Motion to Compel, which appears to be a post-sale cost summary or reconciliation, reflects alleged adjudication sale costs totaling $5,570.50. (R. Doc. 54-16). Likewise, the December 30 calculation does not include interest accruing after December 30, 2022. Thus, the December 30 redemption calculation cannot represent the redemption amount requested by Interrogatory No. 13.

Finally, the City continues to refuse to identify the component parts of the redemption amount and fails to explain the discrepancy between the redemption amount it contends was due and the $29,529.01 figure displayed on the CivicSource auction webpage. Because Interrogatory No. 13 is a proper contention interrogatory, Plaintiff is entitled to know the City's contention regarding the amount of debt secured by the Property, the component parts of that amount, and the basis for any discrepancy between that amount and the figures publicly displayed by the City's agent.

Accordingly, the Court should compel the City to provide a complete response to Interrogatory No. 13.

**D. Interrogatory No. 14 – Supplemental Response Remains Deficient**

The City's Supplemental Response to Interrogatory No. 14 does not fully cure the deficiencies identified in Plaintiff's Motion and Memorandum in Support. Although the City has now explained how the stated sale price of $60,753.75 was determined, it continues to withhold

the identity of the individual who prepared the document containing that calculation. See Ex. 15. Accordingly, the Court should compel the City to provide a complete response to Interrogatory No. 14 by identifying that individual.

**E. Request for Production No. 19 – Issue Resolved**

The City's Supplemental Response to Request for Production No. 19 cures the deficiencies identified in Plaintiff's Motion and Memorandum in Support. See Ex. 15. Accordingly, Plaintiff withdraws her request that the Court compel the City to provide a further response to Request for Production No. 19.

**F. Request for Production No. 20 – Supplemental Response Remains Deficient**

The City's Supplemental Response to Request for Production No. 20 does not cure the deficiencies identified in Plaintiff's Motion and Memorandum in Support. The City's supplemental response provides that: "the contract in your possession between the City and Archon Information Services, LLC is the only document responsive to this request." See Ex. 15. However, the City does not identify the contract to which it refers by date, effective period, or Bates number, leaving Plaintiff to speculate as to the document the City contends is responsive. Neither Plaintiff nor her counsel are aware of any contract in their possession that is responsive to Request for Production No. 20 and neither has ever represented otherwise.

Counsel for Plaintiff does possess portions of a contract between the City and Archon that became effective on August 1, 2024, together with an amendment that became effective on August 1, 2025, in connection with separate litigation. Those documents, however, are not responsive to Request for Production No. 20 because both the Tax Sale and the Adjudication Sale at issue in this case occurred before those contracts became effective.

Accordingly, the Court should compel the City to provide a complete and accurate response to Request for Production No. 20 and produce the responsive contracts.

**G. Request for Production No. 21 – Supplemental Response Remains Deficient**

The City's Supplemental Response to Request for Production No. 21 does not cure the deficiencies identified in Plaintiff's Motion and Memorandum in Support. Instead, the City's Supplemental Response states that it has no documents responsive to Request for Production No. 20. See Ex. 15. While Plaintiff suspects this reference to Request for Production No. 20 is a typographical error, the City has nevertheless failed to provide any response to Request for Production No. 21. Accordingly, the Court should compel the City to provide a complete response to Request for Production No. 21.

**H. Request for Production Nos. 24 and 25 – Supplemental Responses Remain Deficient**

The City's Supplemental Responses to Requests for Production Nos. 24 and 25 do not cure the deficiencies identified in Plaintiff's Motion and Memorandum in Support. Despite agreeing during the Rule 37 conference to review the redactions and either remove them or identify other responsive documents, the City's Supplemental Responses leave its original responses unchanged. See Ex. 15; (R. Doc. 54-12). The City has neither produced unredacted versions of the responsive documents nor produced any additional responsive documents. Accordingly, the Court should compel the City to provide complete responses to Requests for Production Nos. 24 and 25 as requested in Plaintiff's Motion and Memorandum in Support.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion to Compel, as modified by this Reply Memorandum, and order the City to supplement its responses to Interrogatory Nos. 1, 6, 7, 8, 9, 13, and 14, and to produce documents responsive to Requests

7

for Production Nos. 20, 21, 24, and 25, as set forth in the Motion to Compel, the Memorandum in Support thereof, and this Reply Memorandum. Plaintiff further requests an award of her reasonable expenses incurred in bringing the Motion pursuant to Federal Rule of Civil Procedure 37(a)(5), together with all other relief to which she may be entitled.

Respectfully submitted,

**PRITCHETT LEGAL SERVICES, LLC**

/s/ Paul W. Pritchett
**PAUL W. PRITCHETT (#36926)**
2930 Banks Street
New Orleans, Louisiana 70119
Telephone: 602-402-6264
Email: ppritchett@pritchettlegal.com
***Attorney for Plaintiff, Danielle Reado***

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 27, 2026, the foregoing was filed electronically using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Paul W. Pritchett

8