**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DANIELLE READO** | * | **CIVIL ACTION NO. 2:24-cv-2451-SSV-JVM** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE SARAH S. VANCE** |
| | * | |
| | * | |
| **CITY OF NEW ORLEANS AND** | * | **MAGISTRATE JANIS VAN MEERVELD** |
| **SERPIL PROPERTIES LLC** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THE CITY OF NEW ORLEANS'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant CITY OF NEW ORLEANS (the "City") submits the following responses and objections to the Interrogatories, Requests for Admission, and Requests for Production of Documents ("Discovery Requests") propounded by Plaintiff, DANIELLE READO.

**GENERAL OBJECTIONS**

a. In response to Plaintiff's Discovery Requests, the City has provided all information currently available pursuant to reasonable inquiry, which may include hearsay and other information that is neither reliable nor admissible.

b. The discovery responses state the present information of the City and its attorneys, without prejudice to the City's right to present additional facts, documents, contentions, or theories at trial. The City will supplement its discovery responses to the extent required by the Federal Rules of Civil Procedure if and when additional responsive information is located.

c. The City objects to all definitions of terms and instructions to the extent they attempt to impose any burden upon the City greater than that required by the Federal Rules of Civil Procedure.

d. The City objects to Plaintiff's Discovery Requests to the extent they call for information or materials protected from discovery by the attorney-client privilege, any other privilege, the work product doctrine, or any other immunity from discovery pursuant to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, or otherwise. Inadvertent disclosure of any such information or materials shall not constitute a waiver of any privilege, protection, immunity, or the City's right to object to the use of any information or materials inadvertently disclosed.

**Exhibit 15**

e.      The City objects to Plaintiff's Discovery Requests to the extent they call for the disclosure of information protected from disclosure by any means, including, but not limited to, information relating to trade secrets or confidential or proprietary information.

f.      The City objects to Plaintiff's Discovery Requests to the extent they call for information or materials that have already been produced to Plaintiff, that are in the possession of Plaintiff or its agents, or that are in the public domain and equally available to all parties. The City further objects to Plaintiff's Discovery Requests to the extent that they call for the City to search for, locate, or create documents not in its possession or that of its agents.

g.      The City objects to Interrogatory No. 3 and Requests for Production Nos. 4, 13, 14, 24, and 25 and any other Discovery Request that asks the City to provide information or documents "in any way related to" the Tax Sale, the Adjudication Sale, the Property, or any issue in this litigation. The phrase "in any way related to" and other similar phrases are vague, ambiguous, overly broad, and unduly burdensome, as they fail to provide reasonable limits on the scope of the Discovery Requests (e.g., dates, keywords, locations) and would require the City to speculate as to the relevance of potentially vast amounts of information or documents. The City's responses were formed after reasonable and good faith inquiry.

### RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons providing responses or information to respond to these Interrogatories and the Requests for Production that have been propounded herewith. If you are unable to provide any of this information, please explain why.

**RESPONSE:**

The City's responses to Plaintiff's Interrogatories and Requests for Production were prepared by [previous] undersigned counsel for the City in privileged consultation with members of the City Attorney's office and employees of Archon Information Systems, LLC.

**SUPPLEMENTAL RESPONSE:**

The City's responses to Plaintiff's Interrogatories and Requests for Production were prepared by previous counsel for the City in privileged consultation with attorneys in the City Attorney's Office, the City's Bureau of Treasury, and Allison Kelley of Archon Information Systems, LLC.

2

**INTERROGATORY NO. 6:** Describe any and all efforts that You made to provide notice about the Tax Sale to each tax sale party, including the date that each notice was sent, the name of the person or entity to whom each notice was addressed, the address to which each notice was sent, the method by which each notice was sent (e.g. USPS first class mail, USPS certified mail, etc.), the certified mail number, if any, and the name of the person or entity that made the effort, and the employer of the person that made the effort. This Interrogatory applies to noticing efforts regardless of whether they occurred before or after the Tax Sale and regardless of the reason for the noticing effort. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 6 because it is vague, overbroad, and, to the extent it seeks information related to other persons or entities besides Danielle Reado, seeks information that is neither relevant nor likely to the lead to the discovery of admissible evidence. Subject to the foregoing objections and without waving same, the City's efforts to provide notice about the Tax Sale to each tax sale party were in strict compliance with all applicable laws. In fact, the City's agents made numerous phone calls to Danielle Reado and exchanged email correspondence directly with Danielle Reado advising her of the Adjudication Sale and the amount that was then required to redeem the Property. Despite being actually and personally aware of the Tax Sale, the Adjudication Sale, the amount needed to redeem the Property, and the date by which she needed to redeem the Property to avoid losing title, Plaintiff did nothing. Pursuant to Federal Rule of Civil Procedure 33(d), please refer to all records produced in response to Plaintiff's Requests for Production.

**SUPPLEMENTAL RESPONSE:**

The City objects to Interrogatory No. 6 because it is vague, overbroad, and, to the extent it seeks information related to other persons or entities besides Danielle Reado, seeks information that is neither relevant nor likely to the lead to the discovery of admissible evidence. Subject to the foregoing objections and without waving same, the City's efforts to provide notice about the Tax Sale to each tax sale party were in strict compliance with all applicable laws. In fact, the City's

3

agents made numerous phone calls to Danielle Reado and exchanged email correspondence directly with Danielle Reado advising her of the Adjudication Sale and the amount that was then required to redeem the Property. Despite being actually and personally aware of the Tax Sale, the Adjudication Sale, the amount needed to redeem the Property, and the date by which she needed to redeem the Property to avoid losing title, Plaintiff did nothing. Pursuant to Federal Rule of Civil Procedure 33(d), please refer to all records produced in response to Plaintiff's Requests for Production, specifically at Bates Nos. CNO_000001-447; CNO_000453-469; CNO_001006-1157' CNO_001158-85; CNO_002912-17; and the audio recordings, produced without bates numbering, previously produced by the City. The names of some individuals involved are included in CNO-001124. The City reserves the right to supplement its response if new information becomes available.

**INTERROGATORY NO. 7:** Describe any and all efforts that You made to identify the name and address of each tax sale party to whom notice about the Tax Sale should be provided, including in the description any documents, websites, or other sources that you referenced, when the effort was made, the name of the person that made the effort, and the employer of the person that made the effort. This Interrogatory applies to identification efforts regardless of whether they occurred before or after the Tax Sale and regardless of the reason for the noticing effort. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 7 because it is vague, overbroad, and, to the extent it seeks information related to other persons or entities besides Danielle Reado, seeks information that is neither relevant nor likely to the lead to the discovery of admissible evidence. Subject to the foregoing objections and without waving same, the City's efforts to provide notice about the Tax Sale to each tax sale party were in strict compliance with all applicable laws. In fact, the City's agents made numerous phone calls to Danielle Reado and exchanged email correspondence directly with Danielle Reado advising her of the Adjudication Sale and the amount that was then

4

required to redeem the Property. Despite being actually and personally aware of the Tax Sale, the Adjudication Sale, the amount of needed to redeem the Property, and the date by which she needed to redeem the Property to avoid losing title, Plaintiff did nothing. Pursuant to Federal Rule of Civil Procedure 33(d), please refer to all records produced in response to Plaintiff's Requests for Production.

**SUPPLEMENTAL RESPONSE:**

The City objects to Interrogatory No. 7 because it is vague, overbroad, and, to the extent it seeks information related to other persons or entities besides Danielle Reado, seeks information that is neither relevant nor likely to the lead to the discovery of admissible evidence. Subject to the foregoing objections and without waving same, the City's efforts to provide notice about the Tax Sale to each tax sale party were in strict compliance with all applicable laws. In fact, the City's agents made numerous phone calls to Danielle Reado and exchanged email correspondence directly with Danielle Reado advising her of the Adjudication Sale and the amount that was then required to redeem the Property. Despite being actually and personally aware of the Tax Sale, the Adjudication Sale, the amount of needed to redeem the Property, and the date by which she needed to redeem the Property to avoid losing title, Plaintiff did nothing. Pursuant to Federal Rule of Civil Procedure 33(d), please refer to all records produced in response to Plaintiff's Requests for Production, specifically at Bates Nos. CNO_000001-447; CNO_000453-469; CNO_001006-1157' CNO_001158-85; CNO_002912-17; and the , produced without bates numbering, audio recordings previously produced by the City. The names of some individuals involved are included in CNO-001124. The City reserves the right to supplement its response if new information becomes available.

**INTERROGATORY NO. 8:** Describe any and all efforts that You made to provide notice about the Adjudication Sale to each tax sale party, including the date that each notice was sent, the name of the person or entity to whom each notice was addressed, the address to which each notice was sent, the method by which each notice was sent (e.g. USPS first class mail, USPS certified mail, etc.), the certified mail number, if any, and the name of the person or entity that made the effort, and the employer of the person that made the effort. This Interrogatory applies to noticing efforts regardless of whether they occurred before or after the Adjudication Sale and regardless of the reason for the noticing effort. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 8 because it is vague, overbroad, and, to the extent it seeks information related to other persons or entities besides Danielle Reado, seeks information that is neither relevant nor likely to the lead to the discovery of admissible evidence. Subject to the foregoing objections and without waving same, the City's efforts to provide notice about the Tax Sale to each tax sale party were in strict compliance with all applicable laws. In fact, the City's agents made numerous phone calls to Danielle Reado and exchanged email correspondence directly with Danielle Reado advising her of the Adjudication Sale and the amount that was then required to redeem the Property. Despite being actually and personally aware of the Tax Sale, the Adjudication Sale, the amount of needed to redeem the Property, and the date by which she needed to redeem the Property to avoid losing title, Plaintiff did nothing. Pursuant to Federal Rule of Civil Procedure 33(d), please refer to all records produced in response to Plaintiff's Requests for Production.

**SUPPLEMENTAL RESPONSE:**

The City objects to Interrogatory No. 8 because it is vague, overbroad, and, to the extent it seeks information related to other persons or entities besides Danielle Reado, seeks information that is neither relevant nor likely to the lead to the discovery of admissible evidence. Subject to the foregoing objections and without waving same, the City's efforts to provide notice about the Tax

6

Sale to each tax sale party were in strict compliance with all applicable laws. In fact, the City's agents made numerous phone calls to Danielle Reado and exchanged email correspondence directly with Danielle Reado advising her of the Adjudication Sale and the amount that was then required to redeem the Property. Despite being actually and personally aware of the Tax Sale, the Adjudication Sale, the amount of needed to redeem the Property, and the date by which she needed to redeem the Property to avoid losing title, Plaintiff did nothing. Pursuant to Federal Rule of Civil Procedure 33(d), please refer to all records produced in response to Plaintiff's Requests for Production, specifically at Bates Nos. CNO_000001-447; CNO_000453-469; CNO_001006-1157' CNO_001158-85; CNO_002912-17; and the audio recordings, produced without bates numbering, previously produced by the City. The names of some individuals involved are included in CNO-001124. The City reserves the right to supplement its response if new information becomes available.

**INTERROGATORY NO. 9:** Describe any and all efforts that You made to identify the name and address of each tax sale party to whom notice about the Adjudication Sale should be provided, including in the description any documents, websites, or other sources that you referenced, when the effort was made, the name of the person that made the effort, and the employer of the person that made the effort. This Interrogatory applies to identification efforts regardless of whether they occurred before or after the Adjudication Sale and regardless of the reason for the noticing effort. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 9 because it is vague, overbroad, and, to the extent it seeks information related to other persons or entities besides Danielle Reado, seeks information that is neither relevant nor likely to the lead to the discovery of admissible evidence. Subject to the foregoing objections and without waving same, the City's efforts to provide notice about the Tax Sale to each tax sale party were in strict compliance with all applicable laws. In fact, the City's agents made numerous phone calls to Danielle Reado and exchanged email correspondence

7

directly with Danielle Reado advising her of the Adjudication Sale and the amount that was then required to redeem the Property. Despite being actually and personally aware of the Tax Sale, the Adjudication Sale, the amount of needed to redeem the Property, and the date by which she needed to redeem the Property to avoid losing title, Plaintiff did nothing. Pursuant to Federal Rule of Civil Procedure 33(d), please refer to all records produced in response to Plaintiff's Requests for Production.

**SUPPLEMENTAL RESPONSE:**

The City objects to Interrogatory No. 9 because it is vague, overbroad, and, to the extent it seeks information related to other persons or entities besides Danielle Reado, seeks information that is neither relevant nor likely to the lead to the discovery of admissible evidence. Subject to the foregoing objections and without waving same, the City's efforts to provide notice about the Tax Sale to each tax sale party were in strict compliance with all applicable laws. In fact, the City's agents made numerous phone calls to Danielle Reado and exchanged email correspondence directly with Danielle Reado advising her of the Adjudication Sale and the amount that was then required to redeem the Property. Despite being actually and personally aware of the Tax Sale, the Adjudication Sale, the amount of needed to redeem the Property, and the date by which she needed to redeem the Property to avoid losing title, Plaintiff did nothing. Pursuant to Federal Rule of Civil Procedure 33(d), please refer to all records produced in response to Plaintiff's Requests for Production, specifically at Bates Nos. CNO_000001-447; CNO_000453-469; CNO_001006-1157' CNO_001158-85; CNO_002912-17; and the audio recordings, produced without bates numbering, previously produced by the City. The names of some individuals involved are included in CNO-001124. The City reserves the right to supplement its response if new information becomes available.

**INTERROGATORY NO. 12**: State the number of bidders at the auction which resulted in the Adjudication Sale, identify each such bidder, and state the amount of the highest bid placed by each such bidder. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 12 because it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. The City further objects to "identify" the bidders to the extent that word is defined to require to revelation of individual names and personal addresses. Subject to the foregoing objections and without waving same, the City responds as follows: There were six bidders at the auction which resulted in the Adjudication Sale, whose high bids are shown in the chart below:

| Bidder | High Bid |
|---|---|
| User 999 | $121,800.00 |
| User 124 | $120,800.00 |
| User 310 | $36,500.00 |
| User 937 | $69,000.00 |
| User 284 | $57,401.00 |
| User 549 | $32,000.00 |

**SUPPLEMENTAL RESPONSE:**

The City objects to Interrogatory No. 12 because it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. The City further objects to "identify" the bidders to the extent that word is defined to require to revelation of individual names and personal addresses. Subject to the foregoing objections and without waving same, the City responds as follows: There were six bidders at the auction which resulted in the Adjudication Sale, whose high bids are shown in the chart below:

| Bidder | High Bid |
|---|---|
| User 999 | $121,800.00 |
| User 124 | $120,800.00 |
| User 310 | $36,500.00 |
| User 937 | $69,000.00 |

9

| User 284 | $57,401.00 |
|---|---|
| User 549 | $32,000.00 |

**INTERROGATORY NO. 13**: State the last date that You would have allowed the Property to be redeemed under La. R.S. 47:2246, the total payment that would have been required to redeem it in full on that date ("Redemption Amount"), and list all individual items making up the Redemption Amount and the amount of each such item. If the Redemption Amount is different than the $29,529.01 total stated under the "Taxes" header tag on https://www.civicsource.com/auctions/cno/134839, please explain why. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 13 because it improperly assumes the existence of hypothetical facts. The City further objects to Interrogatory No. 13 to the extent it calls for a legal conclusion. The City further objects to Interrogatory No. 13 because it seeks information already in Plaintiff's possession. Subject to the foregoing objections and without waving same, the City responds as follows:

(1) The "last date that" the "tax collector," *see* LA. REV. STAT. § 47:2243, would have allowed the Property to be redeemed is statutorily provided by LA. REV. STAT. § 47:2246, which provides:

> "A. For property adjudicated to a political subdivision, after the expiration of the applicable redemptive period, any person may redeem tax sale title to property in the name of the tax debtor until any of the following shall occur:
>
> 1) The later of sixty days or six months, as applicable, after the notice required by R.S. 47:2206, or the filing of the sale or donation transferring the property from the political subdivision pursuant to R.S. 47:2201 et seq.
>
> 2) The granting of the order of possession pursuant to R.S. 47:2232.
>
> 3) Sixty days or six months, as applicable, after the notice required by R.S.47:2236."

10

(2) The "total payment that would have been required to redeem" the Property is statutorily provided by LA REV. STAT. § 47:2243, which provides that a redemption payment "shall include all statutory impositions accruing before the date of payment with five percent penalty and simply interest accruing at one percent per month," as well as LA REV. STAT. § 47:2247, which provides that a person redeeming property adjudicated to a political subdivision "shall pay also the actual costs incurred by the political subdivision and any acquiring person for the costs of all certified mail, notice, publication of notice, or personal services of notices in complying with the applicable provisions of law, including, without limitation, determination of tax sale parties and the notification of such persons of the sale or donation as allowed by law."

In this case, numerous redemption calculations were generated, most of them at the direct request of Plaintiff, Danielle Reado. Despite receiving these redemption calculations and being actually aware that she needed to redeem the Property to avoid the Adjudication Sale, Plaintiff did not pay anything. Pursuant to Federal Rule of Civil Procedure 33, please refer to the documents being produced in response to Plaintiff's Requests for Production at Bates Nos. CNO_000443-459.

(3) The City objects to Plaintiff's request that the City "explain why" the redemption amount is different than the $29,529.21 figure identified by Plaintiff because it is vague and ambiguous. Again, the redemption amount is statutorily provided by LA REV. STAT. § 47:2243, which provides that a redemption payment "shall include all statutory impositions accruing before the date of payment with five percent penalty and simply interest accruing at one percent per month," as well as LA REV. STAT. § 47:2247, which provides that a person redeeming property adjudicated to a political subdivision "shall pay also the actual costs incurred by the political subdivision and any acquiring person for the costs of all certified mail, notice, publication of

11

notice, or personal services of notices in complying with the applicable provisions of law, including, without limitation, determination of tax sale parties and the notification of such persons of the sale or donation as allowed by law."

**SUPPLEMENTAL RESPONSE:**

The City objects to Interrogatory No. 13 because it improperly assumes the existence of hypothetical facts. The City further objects to Interrogatory No. 13 to the extent it calls for a legal conclusion. The City further objects to Interrogatory No. 13 because it seeks information already in Plaintiff's possession. Subject to the foregoing objections and without waving same, the City responds as follows:

(1) The "last date that" the "tax collector," *see* LA. REV. STAT. § 47:2243, would have allowed the Property to be redeemed is statutorily provided by LA. REV. STAT. § 47:2246, which provides:

"A. For property adjudicated to a political subdivision, after the expiration of the applicable redemptive period, any person may redeem tax sale title to property in the name of the tax debtor until any of the following shall occur:

4) The later of sixty days or six months, as applicable, after the notice required by R.S. 47:2206, or the filing of the sale or donation transferring the property from the political subdivision pursuant to R.S. 47:2201 et seq.
5) The granting of the order of possession pursuant to R.S. 47:2232.
6) Sixty days or six months, as applicable, after the notice required by R.S.47:2236."

(2) The "total payment that would have been required to redeem" the Property is statutorily provided by LA REV. STAT. § 47:2243, which provides that a redemption payment "shall include all statutory impositions accruing before the date of payment with five percent penalty and simply interest accruing at one percent per month," as well as LA REV. STAT. § 47:2247, which provides

that a person redeeming property adjudicated to a political subdivision "shall pay also the actual costs incurred by the political subdivision and any acquiring person for the costs of all certified mail, notice, publication of notice, or personal services of notices in complying with the applicable provisions of law, including, without limitation, determination of tax sale parties and the notification of such persons of the sale or donation as allowed by law." Pursuant to Federal Rule of Civil Procedure 33(d), please refer to the document previously produced in connection with the City's responses to Plaintiff's Requests for Production at Bates No. CNO_000451, which reflects the redemption amount calculated as of December 30, 2022. This redemption calculation was emailed to Danielle Reado on December 9, 2022. *See* Bates No. CNO_000456.

In this case, numerous redemption calculations were generated, most of them at the direct request of Plaintiff, Danielle Reado. Despite receiving these redemption calculations and being actually aware that she needed to redeem the Property to avoid the Adjudication Sale, Plaintiff did not pay anything. Pursuant to Federal Rule of Civil Procedure 33, please refer to the documents being produced in response to Plaintiff's Requests for Production at Bates Nos. CNO_000443-459.

(3) The City objects to Plaintiff's request that the City "explain why" the redemption amount is different than the $29,529.21 figure identified by Plaintiff because it is vague and ambiguous. Again, the redemption amount is statutorily provided by LA REV. STAT. § 47:2243, which provides that a redemption payment "shall include all statutory impositions accruing before the date of payment with five percent penalty and simply interest accruing at one percent per month," as well as LA REV. STAT. § 47:2247, which provides that a person redeeming property adjudicated to a political subdivision "shall pay also the actual costs incurred by the political subdivision and any acquiring person for the costs of all certified mail, notice, publication of

13

notice, or personal services of notices in complying with the applicable provisions of law, including, without limitation, determination of tax sale parties and the notification of such persons of the sale or donation as allowed by law."

**INTERROGATORY NO. 14**: Identify the person that prepared the Non-Warranty Cash Sale document that purports to transfer the Property's title to Serpil Properties LLC (attached as Exhibit B) and explain how the stated sale price of $60,753.75 was determined. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 14 to the extent it requests the identity of "the person that prepared the Non-Warranty Cash Sale document that purports to transfer the Property's title to Serpil Properties LLC (attached as Exhibit B). . . ." because it the word "prepared" is vague and ambiguous and, in any event, neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waving the foregoing objections, the City responds as follows: the Non-Warranty Cash Sale, attached as Exhibit B to Plaintiff's Interrogatories, speaks for itself and forms the best evidence of its contents. The City further objects to Plaintiff's request to "explain how the stated sale price of $60,753.75 was determined" because it is vague and ambiguous.

**SUPPLEMENTAL RESPONSE:**

The bundled properties combined starting price was $10,153.5: $4,9350 for 4715 Laine and $5,223.80 for 4811 Charlene. To determine the total surplus of the bundled sale, the total starting price was subtracted from the winning bid amount. The winning bid amount, $121,800.00, less $10,153.50 is $111,646.50. This amount was then divided in half, allotting a surplus of $55,823.25 to each parcel. To determine the final respective sale price for each property the starting prices of each property were added to this figure. For 4811 Charline this calculation was $5,223.0

14

+ $55,823.25 = $61,046.25. For 4715 Laine, this calculation was **$55,823.25 + $4,935 = $60,753.75.**

**INTERROGATORY NO. 15:** List any and all computer software, applications, and/or electronic programs that You utilized to facilitate tax sales, adjudication sales, or the collection of delinquent taxes at the time of the Tax Sale and the Adjudication Sale. For any computer software, applications, and/or electronic programs listed, state whether any information pertaining to the Tax Sale or the Adjudication Sale was entered into or is retained by said software, applications, and/or electronic programs and state the purposes for Your use of said software, applications, and/or electronic programs in relation to the Tax Sale and/or Adjudication Sale. If you are unable to provide any of this information please explain why.

**RESPONSE:**

The City objects to Interrogatory No. 15 to the extent it asks the City to disclose any confidential or proprietary trade secrets. The City further objects to Interrogatory No. 15 because the request to "state the purpose" of the City's use of any purported software, applications, and/or electronic programs is vague, ambiguous, and overbroad. For example, Interrogatory No. 15 could conceivably encompass standard word processing and PDF software and electronic mail software. Subject to and without waiving these and the General Objections, the City responds as follows: Archon Information Services, LLC assisted the City in its efforts to provide notice of the tax sale and adjudication sale and in hosting the auctions relative to same. On information and belief, Archon Information Systems, LLC utilizes proprietary software called "Administrator" into which information pertaining to the Tax Sale and the Adjudication Sale was entered and retained. Please Bates No. CNO_001104-1121.

**SUPPLEMENTAL RESPONSE:**

The City objects to Interrogatory No. 15 because the request to "state the purpose" of the City's use of any purported software, applications, and/or electronic programs is vague, ambiguous, and overbroad. For example, Interrogatory No. 15 could conceivably encompass

15

standard word processing and PDF software and electronic mail software. Subject to and without waiving these and the General Objections, the City responds as follows: Archon Information Services, LLC assisted the City in its efforts to provide notice of the tax sale and adjudication sale and in hosting the auctions relative to same. On information and belief, Archon Information Systems, LLC utilizes proprietary software called "Administrator" into which information pertaining to the Tax Sale and the Adjudication Sale was entered and retained. Please Bates No. CNO_001104-1121

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

The City's investigation is ongoing. The City reserves the right to supplement the below responses at a future date upon the discovery of additional documents that are responsive to these requests.

**REQUEST NO. 8:** Copies of any and all envelopes in which any notice was sent in relation to the Tax Sale or the Adjudication Sale.

**RESPONSE:**

The City objects to Request for Production No. 8 because the word "envelopes" is unclear. Logically, the City, as the *sender* of notice related to the Tax Sale and Adjudication Sale, would not still have the envelopes that it sent to other persons; those persons would have the envelopes. Subject to and without waving the foregoing objection, please see Bates Nos. CNO_000440-447; CNO_001088-1099.

**SUPPLEMENTAL RESPONSE:**

Please see Bates Nos. CNO_000440-447; CNO_001088-1099.

**REQUEST NO. 10:** Copies of any and all return receipts associated which any notice that was sent in relation to the Tax Sale or the Adjudication Sale.

**RESPONSE:**

Please see the City's response to Request for Production No. 8.

**SUPPLEMENTAL RESPONSE:**

Please see Bates Nos. CNO_000440-447; CNO_001088-1099.

**REQUEST NO. 19:** Copies of any and all transcripts from any and all depositions taken in any dispute, other than the current litigation, in which claims were asserted against You based on Tyler v. Hennepin Cnty., 143 S. Ct. 1369 (2023) or the holding therein.

**RESPONSE:**

17

The City objects to Request for Production No. 19 because it is neither relevant nor likely to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

The City objects to Request for Production No. 19 because it is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waving the foregoing objections, the City responds as follows: the City has no responsive documents in its possession, custody, or control.

**REQUEST NO. 20:** Copies of any and all contracts or other agreements between you and any contractors or vendors that provided you with any services whatsoever related to the Tax Sale, the Adjudication Sale, or the Property.

**RESPONSE:**

The City objects to Request for Production No. 20 because it is neither relevant nor likely to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:**

The City objects to Request for Production No. 20 because it is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waving the foregoing objections, the City responds as follows: the contract in your possession between the City and Archon Information Services, LLC is the only document responsive to this request.

**REQUEST NO. 21:** Printoffs, comma delimited files, and or screenshots of any and all information related to the Tax Sale, the Adjudication Sale, or the Property that is contained in any computer software, applications, and/or electronic programs that You utilize.

**RESPONSE:**

Please see all documents produced herewith.

**SUPPLEMENTAL RESPONSE:**

18

The City objects to Request for Production No. 20 because it is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waving the foregoing objections, the City responds as follows: the City has no responsive documents in its possession, custody, or control.

**REQUEST NO. 24:** Copies of any and all documents and/or ledgers depicting any payment(s) to You or your vendor(s) that are associated in any way with the Adjudication Sale, or that depict any funds generated from the sale of the Property.

**RESPONSE:**

Please see Bates Nos. CNO_000609-618; CNO_000619-621.

**SUPPLEMENTAL RESPONSE:**

Please see Bates Nos. CNO_000609-618; CNO_000619-621.

**REQUEST NO. 25:** Copies of any and all documents and/or ledgers depicting any payment(s) from You that are associated in any way with the Adjudication Sale, or that depict the costs associated with the Tax Sale or the Adjudication Sale.

**RESPONSE:**

Please see Bates Nos. CNO_000609-618; CNO_000619-621.

**SUPPLEMENTAL RESPONSE:**

Please see Bates Nos. CNO_000609-618; CNO_000619-621.

[Signature block on following page]

19

Respectfully submitted,

Dated: July 24, 2026

/s/ Sean M. Markey
**SEAN M. MARKEY, LSB #41467**
ASSISTANT CITY ATTORNEY
**ELIZABETH A. WEIGAND, LSB #32758**
DEPUTY CITY ATTORNEY
**CORWIN M. ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**GWYNETH A. O'NEILL, LSB #35944**
SR CHIEF DEPUTY CITY ATTORNEY
**CHARLINE K. GIPSON, LSB #32780**
CITY ATTORNEY
1300 Perdido Street, Ste. 5E03
New Orleans, Louisiana 70112
Telephone: 504-658-9920
Facsimile: 504-658-9868
Email:    sean.markey@nola.com

*Counsel for the City of New Orleans*

20