**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DANIELLE READO** | * | **CIVIL ACTION NO. 2:24-cv-2451** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE WILLIAM J. CRAIN** |
| | * | |
| | * | |
| **CITY OF NEW ORLEANS AND** | * | **MAGISTRATE JANIS VAN** |
| **SERPIL PROPERTIES LLC** | * | **MEERVELD** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## <u>SUPPLEMENTAL RULE 37(a)(1) CERTIFICATION</u>

**I HEREBY CERTIFY** that, pursuant to the Court's Order dated July 29, 2026 (R. Doc. 71) and Federal Rule of Civil Procedure 37(a)(1), I participated in good faith in a supplemental Rule 37 conference with counsel for Defendant, City of New Orleans, regarding the discovery disputes that remained following service of the City's supplemental discovery responses on July 24, 2026. The conference was conducted by telephone on August 3, 2026, beginning at approximately 10:00 a.m. and lasting approximately thirty-two (32) minutes. Paul Pritchett, counsel for Plaintiff, and Sean Markey, counsel for Defendant, City of New Orleans, participated in the conference.

At the conference, the parties discussed each discovery issue that remained unresolved following the City's supplemental discovery responses and that was identified in Plaintiff's Reply Memorandum in Further Support of Motion to Compel ("Reply Memorandum"). The discussions and any proposed resolutions are summarized below:

    **a. Interrogatory No. 1.** Plaintiff explained that the City's Supplemental Response remained deficient because it failed to identify the individuals within the City's Bureau of Treasury and City Attorney's Office who provided information used in preparing the City's

1

discovery responses and failed to provide the identifying information requested for the Archon employee identified in the response. The City stated that it would attempt to identify the Treasury personnel who supplied the information and would search for the identifying information requested for the Archon employee. The City further stated that it would supplement its response with any information located or indicate in its supplemental response that the requested information could not be identified or located. Plaintiff advised that this dispute would be resolved if the City's supplemental response either provided the requested identifying information for the Treasury personnel and the Archon employee or definitively stated that the requested information could not be identified or located.

**b. Interrogatory Nos. 6 through 9.** Plaintiff explained that the City's Supplemental Responses remained deficient because they continued to rely on Rule 33(d) without identifying the documents that actually responded to each interrogatory or providing the requested narrative responses. The City stated that it would review its responses and the underlying information to determine whether it believed that further supplementation was appropriate. Plaintiff advised that she would accept a Rule 33(d) response that specifically identified the documents responsive to each interrogatory rather than generally referring Plaintiff to a large body of documents.

**c. Interrogatory No. 13.** Plaintiff explained that the City's Supplemental Response remained deficient because it did not identify the final redemption date, did not identify the redemption amount as of that date, and did not address the remaining issues identified in Plaintiff's Reply Memorandum. The City stated that it would attempt to obtain the requested redemption date and would consider whether any further supplementation was appropriate with respect to the remaining issues, but did not commit to supplementing its

2

response with respect to those issues. Plaintiff advised that this dispute would not be considered resolved unless the City's supplemental response provided all of the requested information.

**d. Interrogatory No. 14.** Plaintiff explained that the City's Supplemental Response remained deficient because it did not identify the individual who prepared the calculation reflected in the responsive document. The City stated that it would review whether that individual could be identified but did not believe that it would be able to do so. Plaintiff advised that this dispute would be resolved if the City's supplemental response either identified the preparer of the calculation or definitively stated that the preparer could not be identified.

**e. Request for Production No. 20.** Plaintiff explained that the City's Supplemental Response remained deficient because it referred generally to a contract purportedly in Plaintiff's possession without identifying the document or producing it. The City stated that it would produce the responsive contract or contracts. Plaintiff advised that this dispute would be resolved if the responsive contract or contracts were produced.

**f. Request for Production No. 21.** Plaintiff explained that the City's Supplemental Response appeared to contain a typographical error and failed to respond to Request for Production No. 21. The City stated that it would revise its Supplemental Response to correct the typographical error and state that it has no documents responsive to Request for Production No. 21. Plaintiff advised that this dispute would be resolved by such action.

**g. Requests for Production Nos. 24 and 25.** Plaintiff explained that the City's Supplemental Responses remained deficient because they neither removed the challenged redactions nor produced any additional responsive documents. The City stated that it would

3

review the redactions and produce copies unredacting information relating to the second property included in the bundled sale, 4811 Charlene Drive. Plaintiff agreed that unredacting all information in the documents related to 4811 Charlene Drive would resolve the dispute.

**h. Follow-Up Rule 37 Conference.** The parties agreed to conduct a follow-up telephone conference on August 13, 2026. The City will endeavor to complete the agreed-upon supplementation and serve any supplemental responses prior to the follow-up conference. If the City requires additional time to complete that supplementation, it will advise Plaintiff at the follow-up conference and identify the additional time required. The City also agreed to advise Plaintiff of its position regarding those issues that it agreed to further review but as to which it made no commitment to supplement its responses. Following the conference, the parties will determine whether the remaining discovery disputes have been resolved or narrowed and whether a joint request should be made to continue the submission and briefing deadlines to permit completion of any additional supplementation.

No discovery disputes were fully resolved during the Rule 37 conference. As set forth above, the City agreed to supplement certain discovery responses and to review other responses to determine whether additional supplementation is appropriate. Whether those actions resolve or narrow the remaining disputes will depend upon the City's supplemental responses and will be evaluated during the follow-up Rule 37 conference scheduled for August 13, 2026. Accordingly, as of the filing of this certification, all of the discovery disputes identified in Plaintiff's Reply Memorandum remain unresolved.

4

Respectfully submitted,

**PRITCHETT LEGAL SERVICES, LLC**

/s/ Paul W. Pritchett
  **PAUL W. PRITCHETT (#36926)**
  2930 Banks Street
  New Orleans, Louisiana 70119
  Telephone: 602-402-6264
  Email: ppritchett@pritchettlegal.com
  ***Attorney for Plaintiff, Danielle Reado***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 5, 2026, the foregoing was filed electronically using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Paul W. Pritchett