**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DANIELLE READO** | * | **CIVIL ACTION NO. 2:24-cv-2451** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE WILLIAM J. CRAIN** |
| | * | |
| | * | |
| **CITY OF NEW ORLEANS AND SERPIL PROPERTIES LLC** | * * | **MAGISTRATE JANIS VAN MEERVELD** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**FOLLOW UP SUPPLEMENTAL RULE 37(a)(1) CERTIFICATION**

**I HEREBY CERTIFY** that, pursuant to the Court's Order dated July 29, 2026 (R. Doc. 71) and Federal Rule of Civil Procedure 37(a)(1), I participated in good faith in a follow up Rule 37 conference with counsel for Defendant, City of New Orleans, regarding the discovery disputes that remained following service of the City's supplemental discovery responses on July 24, 2026. The conference was conducted by telephone on August 12, 2026 and lasted approximately six (6) minutes. Paul Pritchett, counsel for Plaintiff, and Sean Markey, counsel for Defendant, City of New Orleans, participated in the conference.

At the conference, the City advised that it would serve additional supplemental discovery responses on Friday, August 14, 2026, addressing the unresolved discovery disputes discussed during the Rule 37 conference held on August 3, 2026. The City also advised that it did not anticipate changing its response to Interrogatory No. 13.

Thereafter, the City served its Second Supplemental Responses on August 14, 2026. See Ex. 18. Those responses resolved certain discovery disputes but left others unresolved, as summarized below.

**a. Interrogatory No. 1.** The City's Second Supplemental Response to Interrogatory No. 1 cures the deficiencies identified in Plaintiff's Motion and Memorandum in Support. Accordingly, Plaintiff withdraws her request that the Court compel the City to provide a further response to Interrogatory No. 1.

**b. Interrogatory Nos. 6 through 9.** The City's Second Supplemental Responses to Interrogatory Nos. 6 through 9 do not resolve the discovery disputes identified in Plaintiff's Motion and Memorandum in Support and Reply Memorandum. Although the City categorized the documents that it contends are responsive to each interrogatory, the responses still do not identify the individuals involved in the notice process or their respective roles. In particular, the documents identified by the City do not identify the individuals responsible for preparing and sending the notices at issue in this litigation. Accordingly, the disputes concerning Interrogatory Nos. 6 through 9 remain unresolved.

**c. Interrogatory No. 13.** The City's Second Supplemental Response to Interrogatory No. 13 does not resolve the discovery dispute. The City made no substantive changes to its prior response, and the dispute remains as previously described in Plaintiff's Motion and Memorandum in Support and Reply Memorandum. The dispute therefore remains unresolved.

**d. Interrogatory No. 14.** The City's Second Supplemental Response to Interrogatory No. 14 cures the deficiencies identified in Plaintiff's Motion and Memorandum in Support. Accordingly, Plaintiff withdraws her request that the Court compel the City to provide a further response to Interrogatory No. 14.

**e. Request for Production No. 20.** The City's Second Supplemental Response to Request for Production No. 20 does not resolve the discovery dispute. Although the City previously

indicated during the August 3, 2026 Rule 37 conference that it would produce the responsive contract or contracts, no such documents were produced. The dispute therefore remains unresolved.

**f. Request for Production No. 21.** The City's Second Supplemental Response to Request for Production No. 21 cures the deficiencies identified in Plaintiff's Motion and Memorandum in Support. Accordingly, Plaintiff withdraws her request that the Court compel the City to provide a further response to Request for Production No. 21.

**g. Requests for Production Nos. 24 and 25.** The City's Second Supplemental Response to Requests for Production Nos. 24 and 25 does not resolve the discovery dispute. The City stated that it reviewed the redacted documents at CNO_000609-618 and CNO_000619-621 (R. Doc. 54-16) and concluded that they do not contain any information relating to the adjudication sale of 4811 Charlene Drive. However, CNO_000619 indicates that 57 auctions were conducted in January 2023, and the format and length of the redacted documents at CNO_000610-613 are consistent with a comprehensive list of properties included in those auctions. Because the documents remain redacted, Plaintiff cannot independently verify the City's representation. Accordingly, the disputes concerning Requests for Production Nos. 24 and 25 remain unresolved.

Accordingly, the discovery disputes concerning Interrogatory Nos. 1 and 14 and Request for Production No. 21 have been resolved through the parties' supplemental Rule 37 conferences and the City's Second Supplemental Responses. The discovery disputes concerning Interrogatory Nos. 6 through 9 and 13 and Requests for Production Nos. 20, 24, and 25 remain unresolved.

Respectfully submitted,

**PRITCHETT LEGAL SERVICES, LLC**

/s/ Paul W. Pritchett
**PAUL W. PRITCHETT (#36926)**
2930 Banks Street
New Orleans, Louisiana 70119
Telephone: 602-402-6264
Email: ppritchett@pritchettlegal.com
***Attorney for Plaintiff, Danielle Reado***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 18, 2026, the foregoing was filed electronically using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Paul W. Pritchett