**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DANIELLE READO** | * | **CIVIL ACTION NO. 2:24-cv-2451-SSV-JVM** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE WILLIAM J. CRAIN** |
| | * | |
| | * | |
| **CITY OF NEW ORLEANS AND SERPIL PROPERTIES LLC** | * | **MAGISTRATE JANIS VAN MEERVELD** |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THE CITY OF NEW ORLEANS' RESPONSE**
**TO PLAINTIFF'S SUPPLEMENTAL RULE 37 DECLARATIONS**

Pursuant to this Court's Order dated July 29, 2026 (R. Doc. 71), Defendant, the City of New Orlean (the "City") submits the following Memorandum in Response to Plaintiff's Supplemental Rule 37(a)(1) Declarations (R. Doc. 72 and 73). As explained below, the City has more than satisfied its burden of production and Plaintiff's Motion to Compel should be denied.

**I. Additional discovery is not needed to dispose of this matter.**

In November 2025, this Court dismissed most of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (R. Doc. 47). Notably, the Court dismissed Plaintiff's claim that the sale of her property was an absolute nullity and the claim that she was entitled to compensation based on the fair market value of the property *with prejudice*. The Court also dismissed Plaintiff's Eighth Amendment claim for excessive fines. As such, potential damages in this case have been substantially limited and most of the legal issues resolved. Last month, the Supreme Court also made clear that Plaintiff is entitled to the excess proceeds received at the auction for her adjudicated property and nothing more. *See Pung v. Isabella County,* 146 S.Ct. 1964 (U.S. 2026). The City has made a reasonable settlement offer to the Plaintiff in light of this Court's ruling, and the Supreme's Court decision in *Pung*. The parties have been in active

settlement negotiations for the past month. Given this current posture and the controlling law, any further discovery would be an insufficient use of judicial resources and only serve to prolong unnecessary motion practice.

**II. The City has adequately responded to Plaintiff's discovery requests.**

The parties have resolved most of the remaining discovery issues. The City's responses that Plaintiff alleges still remain deficient are addressed below.

**Interrogatories No. 6-9.** The City maintains its objections and responses to these Interrogatories. Rule 33(d) of the Federal Rules of Civil Procedure allow a party to answer an interrogatory by referring to business records when the burden of deriving the answer is substantially the same for both parties. This burden is the same for both parties here. The City has provided records from its property auction vendor, Archon, to the Plaintiff and identified these documents by category (R. Doc. 73-1). Even if a more specific answer were provided, the recovery Plaintiff may be entitled to will not change. Thus, identifying which Archon employee sent the tax sale notices is not proportional to the needs of this case or Plaintiff's claims.

**Interrogatory No. 13.** The City maintains its objections and response to this interrogatory. Plaintiff's Interrogatory No. 13 is a hypothetical question whose answer cannot affect the outcome of this case. Moreover, the statutory law it contemplates is clear.

**Interrogatory No. 20.** The City recently produced a third supplemental response to this Interrogatory, providing the Plaintiff with the City's earlier contracts with its property auction vendor, going back to 2014.

**Interrogatories No. 24 and 25.** The City maintains its objections and responses to this interrogatory. Information related to 4811 Charlene Drive has already been produced to Plaintiff unredacted.

At this point, the City has responded in detail to Plaintiff's extensive discovery requests and produced nearly 3000 pages of documents. No further discovery responses are necessary, particularly in light of the controlling jurisprudence and the posture of this simple monetary dispute. Plaintiff's Motion to Compel should be denied.

Respectfully submitted,

*/s/ Sean M. Markey*

**SEAN M. MARKEY, LSB #41467**
ASSISTANT CITY ATTORNEY
**ELIZABETH A. WEIGAND, LSB #32758**
DEPUTY CITY ATTORNEY
**CORWIN M. ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**GWYNETH A. O'NEILL, LSB #35944**
SR CHIEF DEPUTY CITY ATTORNEY
**CHARLINE K. GIPSON, LSB #32780**
CITY ATTORNEY
1300 Perdido Street, Ste. 5E03
New Orleans, Louisiana 70112
Telephone: 504-658-9920
Facsimile: 504-658-9868
Email: sean.markey@nola.com

*Counsel for the City of New Orleans*